GRIMES, Acting Chief Judge.
The Department of Health and Rehabilitative Services appeals from an adverse ruling on its claim to recover public assistance payments.
Bee Johnson died on May 7, 1983. On May 27, 1983, the department filed in the probate division of circuit court a caveat by creditor requesting the clerk to notify it of the date of issuance of letters of administration and the name and address of the personal representative of the Estate of Bee Johnson. On September 7, 1984, Essie Mae Rose, the sole beneficiary of the Estate of Bee Johnson, petitioned for summary administration reciting that the estate was not indebted and listing assets total-ling $17,447. The department then filed a claim for the recovery of $3,389.29 public assistance payments made on behalf of Bee Johnson during his lifetime. On the petition of Ms. Rose, the court struck the caveat and claim of the department on the premise that the debt had not survived the one-year period prescribed by section 409.-345(2), Florida Statutes (1983).
Section 409.345, Florida Statutes (1983), reads in part:
(1) CLAIMS. — The acceptance of public assistance shall create a debt of the person accepting assistance, which debt shall be enforceable only after the death of the recipient. The debt thereby created shall be enforceable only by claim filed against the estate of the recipient after his death or by suit to set aside a fraudulent conveyance, as defined in subsection (3). After the death of the recipient and within the time prescribed by law, the department may file a claim against the estate of the recipient for the total amount of public assistance paid to or for the benefit of such recipient, reimbursement for which has not been made. Claims so filed shall take priority as class seven claims as provided by s. 733.-707(l)(g).
(2) DISCHARGE OF DEBT. — The debt created by this section shall be discharged 1 year after the death of the debtor unless the department shall have instituted probate proceedings as a creditor or filed a timely claim against the estate of the debtor or instituted a suit to set aside a fraudulent conveyance as defined in subsection (3).
The narrow issue is whether the filing of the caveat within one year after Mr. Johnson’s death preserved the department’s claim under section 409.345. While the department’s position appeals to our sense of justice, we hold that the explicit wording of the statute precludes the further prosecution of the claim.
Subsection (1) of the statute created the debt which the department sought to collect. Subsection (2) provided for its discharge after one year from the debtor’s death unless the department did one of three things:
(1) Instituted probate proceedings as a creditor.
(2) Filed a timely claim against the debt- or’s estate.
(3) Sued to set aside a fraudulent conveyance.
*1336 There was no suggestion of a fraudulent conveyance, and the department was unable to file a claim because no probate proceedings had been commenced. Therefore, the department’s only recourse was to take the necessary steps as a creditor to institute probate proceedings. The caveat constituted a legal request to be notified whenever probate proceedings were commenced. It was not the equivalent of a petition for administration.
The department’s reliance upon Gomez v. Jackson Memorial Hospital, 309 So.2d 564 (Fla. 3d DCA 1975), is misplaced. While that case did hold that the filing of a caveat tolled the three-year limitation against unadministered estates, the claim in that case was not one which was specifically discharged by the statute under which it was created.
AFFIRMED.
LEHAN and FRANK, JJ., concur.