GRIFFIN, Judge.
Margaret P. Lewis, as Personal Representative [“Lewis”] of the Estate of Maggie Flowers [“Flowers”], appeals a summary final judgment in favor of the Department of Health and Rehabilitative Services [“HRS”], allowing recovery of sums paid to the decedent, Flowers, in public assistance prior to her death. Lewis contends that because HRS failed to institute probate proceedings as a creditor or to file a timely claim against the debtor’s estate as required by section 409.345(2), Florida Statutes (1989)[1], prior to the expiration of one year, the debt was discharged, as provided by statute. We conclude that the prompt filing of a caveat by HRS was insufficient to avoid the one-year deadline and reverse.
This precise issue has previously been addressed by the Second District Court of Appeal in State, Department of Health and Rehabilitative Services v. Rose, 475 So.2d 1334 (Fla. 2d DCA 1985). The court observed that the statute plainly provides for discharge of the debt of the person accepting public assistance unless, within one year from the debtor’s death, HRS does one of three things: (1) institutes probate proceedings as a creditor, (2) files a timely claim against the debtor’s estate, or (3) sues to set aside a fraudulent conveyance.
In this case, Flowers died testate on December 17, 1989, leaving as her sole asset a residence located in Orlando, Florida. HRS filed a caveat on January 4, 1990 but took no further action until an estate was opened and Lewis was appointed personal representative of Flowers’ estate in January 1992, more than two years after Flowers’ death. In April 1992, HRS filed a formal claim, which was objected to.
HRS contends that the interpretation of the Rose court places an unreasonable burden on HRS and improperly encourages a deceased’s heirs to intentionally delay estate proceedings in an effort to avoid the claim for reimbursement of public assistance paid. *967 The trial court agreed with HRS. Nevertheless, as the Rose court indicated, the statutory language is clear. We also note that in the nine years since the Second District issued its Rose opinion, the legislature has not altered the statutory scheme. The summary final judgment rendered in favor of HRS is reversed and the cause remanded to the lower court with instructions that judgment be entered in favor of the Estate of Flowers.
REVERSED and REMANDED.
COBB and GOSHORN, JJ., concur.

. 409.345(2) DISCHARGE OF DEBT. — The debt created by this section shall be discharged 1 year after the death of the debtor unless the department shall have instituted probate proceedings as a creditor or filed a timely claim against the estate of the debtor or instituted a suit to set aside a fraudulent conveyance as defined in subsection (3).