**McCRORY STORES CORPORATION, a foreign corporation, v. J. M. LEE, as Comptroller of the State of Florida.**

25 So. (2nd) 567                    January Term, 1946
April 9, 1946                                Division A

*Bussey, Mann & Simmons,* for petitioner.

*J. Tom Watson,* Attorney General, and *T. Paine Kelly,* Assistant Attorney General, for respondent.

ADAMS, J.:

McCrory Stores Corporation filed a bill against J. M. Lee, as Comptroller of the State of Florida, and alleged that it had, since July 1, 1941, owned and operated a chain of retail mercantile stores located throughout the State of Florida. On the first day of July in the years 1941, 1942, 1943 and 1944 it filed the true and complete returns; paid the taxes and received the permits contemplated by the provisions of Chapter 20,977, Acts of Florida, 1941. On November 29, 1944, the defendant, as Comptroller of the State of Florida, notified plaintiff to appear before him in Tallahassee, Florida, and submit its books and records to show the true value of the in-

ventories of plaintiff's stores in Florida for the years 1941, 1942, 1943 and 1944.

Plaintiff submitted its books for the years 1943 and 1944 but refused for the years 1941 and 1942 on the ground that the defendant was precluded by the time limitations of Sections 204.07 and 204.11, Fla. Stat., 1941, F.S.A., from invoking any of the provisions of Chapter 20,977. It was further alleged that the comptroller threatened, and continues to threaten, to subject plaintiff to the civil and criminal penalties of the law, which will irreparably injure the plaintiff unless an injunction is granted. The bill prayed for both interlocutory and permanent injunction to restrain the threatened action of the comptroller and for a declaratory judgment of the rights, obligations and duties of the plaintiff and the defendant upon the facts alleged.

The comptroller answered and alleged, in substance, that the reports filed by the plaintiff for the years 1941, 1942, 1943 and 1944 were false and untrue; that the plaintiff willfully, intentionally and fraudulently misrepresented the facts required to be shown by these returns and that the licenses were issued by the defendant in consequences of his reliance upon the truth and verity of the reports.

Petitioner moved from a decree of injunction on bill and answer. The chancellor denied the motion and we review that order under Rule 34.

Obviously the question is whether the eighteen months' period of limitation in Section 204.07, Fla. Stat., 1941, F.S.A., is tolled where a fraudulent return is made which prevents the comptroller from ascertaining the verity thereof within the eighteen months' period.

Section 204.07, Fla. Stat., 1941, F.S.A., reads:

"If any person, or association of persons, required to file a report, as provided in Sec. 204.04, fails or refuses to do so within the time required, or files any return which is false or fraudulent, the comptroller shall, within eighteen months of such failure or refusal, and not thereafter, give such person ten days' notice, in writing, requiring such person to appear before him and submit certain proof of the truth of the return or file an amended and corrected return; . . . "

The argument is made in defense of the order that fraud as a general rule tolls the running of a statute of limitation until it is discovered or until such time as it might have been discovered by the exercise of diligence.

This rule has no application to the case here because the statute expressly states that it shall apply in case of fraud. Undoubtedly it was the intent of the legislature that when a return was filed a duty was then placed upon the comptroller to examine it. Had an examination been made within the eighteen months' period, as the comptroller was authorized to make, the fraud would have been discovered.

The comptroller is governed by the statute and no question is raised on its validity. It follows that the writ is granted and the order quashed with directions to grant a decree for petitioner on the bill and answer.

So ordered.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.