296 So.2d 561 (1974)
Roxie Thomas LORD, Etc., Appellant,
v.
DEPARTMENT OF HEALTH & REHABILITATIVE SERVICES et al., Appellees.
No. T-31.
District Court of Appeal of Florida, First District.
July 2, 1974.
*562 Robert O. Stripling, Jr., and John H. Haswell of Chandler, O'Neal, Avera, Gray, Lang & Stripling, Gainesville, for appellant.
Robert L. Shevin, Atty. Gen., and Paul W. Lambert, Asst. Atty. Gen., for appellees.
SPECTOR, Acting Chief Judge.
This is an appeal from a final summary judgment in favor of appellees-plaintiffs.
Loka Mae Davis died intestate and incompetent at the Florida State Hospital on August 17, 1970, having been confined there by court order. Appellant is administratrix of the estate and appellee is the Florida Department of Health and Rehabilitative Services. The Department has a claim on Miss Davis' estate in the amount of $21,197.26, which represents the costs incurred by the State of Florida in maintaining and caring for Miss Davis since 1955. The Department of Legal Affairs is also an appellee, having injected itself as a party although the only role which it properly can occupy in this action is that of legal counsel for the Department.
On or about August 31, 1970, appellee filed a caveat in the County Judges Court pursuant to Section 732.29, Florida Statutes, 1969, F.S.A. which statute provides as follows:
"(1) If any state agency which is a creditor of the estate of a decedent is apprehensive that an estate, either testate or intestate, will be administered without its knowledge, or if any heir or distributee of the estate of a decedent is apprehensive that a will may be admitted to probate without his knowledge, such agency or person may file a caveat in the office of the county judge.
(2) ... After the filing of same, the county judge shall not admit the will of such decedent to probate, or discharge the personal representative of said estate, without the issuance of a citation to the caveator."
Thereafter, appellant was appointed and qualified as administratrix and letters of administration were issued. The County Judge then failed to comply with Rule 5.150(e), Rules of Probate and Guardianship Procedure, which required that he notify appellee of the issuance of such letters. The rule provides in pertinent part as follows:
"(e) ... Should letters of administration or letters testamentary issue after the filing of any caveat, on issuance thereof the court shall forthwith notify the caveator thereof, in writing, advising him of the date of issuance of such letters and the name and address of the administrator, unless citation has been served on such caveator. Copy of any such notice required to be given by the court herein, together with a certificate of the mailing of the original thereof, shall be filed in the estate."
First publication of notice to creditors was made by appellant on March 15, 1971. The six months' period for filing claims as provided by Section 733.16, Florida Statutes, F.S.A., expired on September 15, 1971. Appellee was not notified that letters of administration had been issued until October *563 29, 1971, and appellee filed proof of claim in the estate in the amount of $21,197.26. Appellant refused to allow same and filed objection thereto on the sole ground that it was filed beyond the statutory period.
This suit was filed and the trial court granted appellee's motion for summary judgment, as aforesaid, and ordered appellant to pay the claim.
We agree with the trial court's ruling and affirm. Under Section 732.29, Florida Statutes, F.S.A., and Rule 5.150, once an agency has filed a caveat, it need not file a statement of claim against the intestate estate until notice from the court of the issuance of letters of administration. If Section 733.16, Florida Statutes, F.S.A., which requires that a claim must be filed within six months of publication of the notice to creditors were held to bar the caveator in the instant case from filing his claim, Section 732.29, Florida Statutes, F.S.A., would be rendered a nullity. In reading Section 733.16 and Section 732.29, Florida Statutes, F.S.A., in pari materia, it seems clear that the legislative intent is to allow a time period after the caveator has been noticed that administration has commenced in which to file his claim.
In the case of In Re Switzer's Estate, 134 Fla. 158, 183 So. 820 (1938), the Supreme Court held that the order admitting the will to probate was void since the caveator had not received the requisite notice. Although that case dealt with the issuance of letters testamentary, the reasoning is by analogy equally applicable to the filing of a caveat in an intestate estate.
In the instant case, the caveator did all that was required of it in order to preserve its right to file a claim against the estate. That claim should not now be barred for failure of the court to follow the statutory procedures applicable once a caveat has been filed.
Accordingly, the judgment is affirmed.
BOYER and McCORD, JJ., concur.