309 So.2d 564 (1975)
Ruth GOMEZ, As Administratrix of the Estate of Jose Gomez, Deceased, Appellant,
v.
JACKSON MEMORIAL HOSPITAL, Appellee.
No. 74-888.
District Court of Appeal of Florida, Third District.
March 25, 1975.
*565 Gilbert, Silverstein & Hellman, Miami, for appellant.
Stuart Simon, County Atty., and Stephen P. Lee, Asst. County Atty., for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
HAVERFIELD, Judge.
Petitioner-appellant seeks review of an order denying her motion to dismiss the claim of appellee.
On January 3, 1971, Jose Gomez was seriously injured as the result of an automobile accident and was taken to Jackson Memorial Hospital for treatment. Mr. Gomez did not recover and died on January 17, 1971. Thereafter, on January 20, 1971, Jackson Memorial Hospital, appellee herein, filed a caveat pursuant to § 732.29, Fla. Stat.
At the time of his death decedent possessed no probatable assets. However, there did exist a cause of action against the third-party tortfeasor who was uninsured at the time of the fatal accident. The deceased was insured under a liability policy which provided uninsured motorist protection. Petitioner-appellant, Ruth Gomez, wife of the decedent and his sole surviving heir at law, filed a claim with decedent's insurer. After considerable difficulty and delay, the insurance company settled the claim for $10,000 on February 27, 1974. Shortly thereafter, appellant on March 21, 1974 filed a petition for an order approving insurance settlement and order of administration unnecessary. Thereupon, the clerk of the court sent a notice thereof to appellee hospital on March 21, 1974 in conformity with the caveat filed on January 20, 1971. Jackson Memorial Hospital on March 22, 1974 filed its statement of claim for $6,027.80 for the treatment received by the deceased. In response thereto, appellant moved to dismiss the claim on the grounds that the filing thereof more than three years from the decedent's death, was barred by § 734.29, Fla. Stat., which reads as follows:
"734.29 Limitations against unadministered estates
"(1) After three years from the death of any person his estate shall not be liable for any obligation or upon any cause of action if no letters testamentary or of administration with respect thereto have been taken out in Florida within said three years, or if such letters have been taken out but neither proof of publication of notice to creditors, nor the claim of any creditor has been filed in the circuit court within said period; provided, that the lien of any duly recorded mortgage and the lien of any person in possession of any personal property of the decedent, and the right to foreclose and enforce the same with respect to the property encumbered thereby, shall not be impaired by said limitation."
A hearing was held thereon and the court denied the motion on the grounds that the filing of the caveat by Jackson *566 Hospital tolled the running of the time limitations as set forth in the above statute. Petitioner, Mrs. Gomez, appeals therefrom. We affirm.
Basically, we agree with the contention of appellee that the rationale of Lord v. Department of Health & Rehabilitative Services et al., Fla.App. 1974, 296 So.2d 561 is applicable to the instant case. Therein, the Department of Health & Rehabilitative Services, as the appellee hospital in the case sub judice, filed a caveat pursuant to § 739.29, Fla. Stat. Thereafter, an administratrix was appointed, letters of administration were issued and first publication of notice to creditors was made. However, the Department of Health did not receive notice thereof as required by PGR 5.150(e) and consequently filed proof of claim in the estate after the expiration of the six months' period for filing claims as provided by § 733.16, Fla. Stat. Nevertheless, the court affirmed the trial court's ruling that the administratrix pay the claim. The court reasoned that if § 733.16, Fla. Stat., F.S.A. was held to bar the caveator from filing his claim, then § 732.29, Fla. Stat., F.S.A. would be rendered a nullity. In reading these two statutes, in pari materia, the court concluded that the legislative intent is to allow a time period after the caveator has been noticed that administration has commenced in which to file his claim.
Turning to the case at bar, we also find that if § 734.29, Fla. Stat. were held to bar the appellee-caveator in this case from filing its claim, § 732.29, Fla. Stat. would be rendered a nullity in light of our determination that in reading these statutes in pari materia that the legislative intent is to provide the caveator an opportunity to present his claim after the caveator has been noticed that a petition for order of administration unnecessary has been filed.
The caveator in the instant case did all that it could do in order to preserve its right to file a claim against the estate. The claim should not be barred because of appellant's delay in instituting estate proceedings until three years after the death of the deceased. To hold to the contrary would be to encourage a deceased's heirs to intentionally delay estate proceedings to defraud creditors, completely frustrating the express purpose of the probate code to expedite and facilitate the orderly settlement of estates.
Accordingly, the order herein appealed is affirmed.
Affirmed.