570 So.2d 1125 (1990)
In re ESTATE OF Christa Belle PARSON.
JAMES N. DAVIS FUNERAL HOME, INC., Appellant,
v.
Cynthia Faye McCLENDON, As Personal Representative of the Estate of Christa Belle Parson, Deceased, Appellee.
No. 90-690.
District Court of Appeal of Florida, First District.
December 10, 1990.
Harrell T. Buggs, Jacksonville, for appellant.
Harry B. Mahon, of Mahon, Farley & McCaulie, P.A., Jacksonville, for appellee.
ERVIN, Judge.
James N. Davis Funeral Home, Inc. (Home), appeals a probate court's order denying its objection to the personal representative's (PR) petition for discharge, thereby denying as well the Home's untimely claim for funeral expenses incurred on behalf of the deceased. We affirm for the reasons stated below. Because appellant is a non-prevailing party under our disposition, we also affirm the trial court's order denying appellant's claim for attorney's fees, filed pursuant to Section 57.105, Florida Statutes (1987).
Appellant argues that although it failed to file its claim with the estate within three months from the date of the first publication of the notice of administration, as required by Section 733.702(1)(a), Florida Statutes (Supp. 1988), the PR's failure to object to the claim until approximately fifteen months after the claim was filed required that the objection be disallowed, pursuant to the provisions of Section 733.705(2), Florida Statutes (Supp. 1988).[1] We disagree. Section 733.705(2) permits the PR to file a written objection to a claim "[o]n or before the expiration of 4 months from the first publication of notice of administration or within 30 days from the *1126 timely filing of a claim." (Emphasis added.) Because the claim at issue was filed more than four months after the first publication of notice of administration, the PR obviously could not file its objection to the claim within the initial four-month period. And because appellant's claim was not timely filed within three months of publication of the first notice of administration, the alternative thirty-day period for filing objections under section 733.705(2) was similarly inapplicable.
Appellant also relies upon Barnett Bank of Palm Beach County v. Estate of Read, 493 So.2d 447 (Fla. 1986), wherein the Florida Supreme Court held that section 733.702 is a statute of limitations. Thus, any claim filed beyond the time set forth in section 733.702 is barred only if the statute of limitations period was raised as an affirmative defense, or, if the defense appeared on the face of the prior pleadings, by motion to dismiss. Id. at 448. In our judgment Barnett Bank is inapplicable to the case at bar, because changes made to the Florida Probate Code after that decision disclose the legislative intent that the statute requiring a creditor's claim to be timely filed is now a jurisdictional statute of nonclaim  not a statute of limitations.
In Barnett Bank, the Florida Supreme Court considered only the 1983 version of chapter 733. Subsequent to Barnett Bank, that portion of Section 733.705(3), Florida Statutes (1983), providing that "[n]o action or proceeding shall be brought against the personal representative after the time limited above," was amended, effective May 15, 1984, by adding the following language immediately thereafter: "and any such claim shall be forever barred without order of the court." Ch. 84-25, § 1, Laws of Fla. Additionally, as of October 1, 1986, section 733.705(2) was amended to provide, as it does currently, that a PR or other interested person may file a written objection within thirty days from the "timely" filing of a claim. Ch. 86-249, § 1, Laws of Fla. In further clarifying its intent, the 1986 Florida Legislature also amended section 733.705(3), by adding "thereafter" before the words "forever barred without any court order." Id.
These changes, in our judgment, indicate the legislature's intent to create a jurisdictional statute of nonclaim which, under the circumstances specified in the statutes, automatically bars untimely claims.[2]
AFFIRMED.
NIMMONS and ALLEN, JJ., concur.
NOTES
[1] Appellant relies upon the 1988 supplement to the statutes, which is inapplicable because the 1988 version applies only to estates of decedents who died after July 1, 1988. Ch. 88-340, § 8, Laws of Fla. The decedent in question died on February 14, 1988, therefore, the 1987 version of the Florida Statutes is controlling. We note, however, that the 1988 amendment added one significant change to section 733.702. Subsection (3) thereof, although providing that a claim is barred if no objection is filed, nevertheless permits the court to grant an extension for filing a claim on grounds of fraud or estoppel. Ch. 88-340, § 6, Laws of Fla. No such grounds have been raised in the instant case, nor has good cause otherwise been shown for the late filing of the claim. Consequently, insofar as our disposition of this issue is concerned, it makes no difference whether the 1987 or 1988 statutes is applied.
[2] See Tulsa Professional Collection Servs., Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988), in which the Supreme Court held that an Oklahoma statute similar to Florida's 1987 statute was a jurisdictional statute of nonclaim, not a statute of limitations. See also the 1988 amendments to chapter 733, particularly section 733.702(3), discussed supra at n. 1.