645 So.2d 1082 (1994)
In re ESTATE OF Eugene T. BARTKOWIAK, Deceased.
Genevieve PTAK, as personal representative of Estate, Appellant,
v.
SUN BANK, N.A., Appellee.
No. 94-199.
District Court of Appeal of Florida, Third District.
November 30, 1994.
*1083 Arthur J. Morburger, Miami, for appellant.
Mario Bramnick, Pembroke Pines, for appellee.
Before COPE, GODERICH and GREEN, JJ.
PER CURIAM.
Eugene Bartkowiak died September 14, 1989. His sister, Genevieve Ptak, was appointed personal representative. Notice of administration was properly published July 11, 1990. The deadline for filing claims was October 11, 1990. Sun Bank, which had two recorded judgments against Bartkowiak, did not file any claims against the estate until October 1, 1993. The personal representative filed an objection to the claim and petitioned the probate court to strike the claim as untimely. The court denied the petition.
The first question for our determination is whether the probate court's denial of Ptak's petition to strike the claim is a final, appealable order. We hold that the order denying the petition to strike is a final order under the Probate Rules because it conclusively determined the rights of the parties. Rule 5.100, Fla.Prob.R.; Sutton v. Stear, 264 So.2d 838 (Fla. 1972); Smoak v. Graham, 167 So.2d 559 (Fla. 1964); In re Estate of Bierman, 587 So.2d 1163 (Fla. 4th DCA 1991). Therefore, the order is now ripe for appeal.
Turning to the merits of the appeal, we reverse the probate court's order upon a finding that Sun Bank's claim was barred by the limitation provision of Florida Statutes Section 733.710. In so ruling, we reject Sun Bank's argument that the limitations period would not apply because of the personal representative's failure to ascertain that Sun Bank was a creditor and its failure to serve the bank with a copy of the notice of administration.
The statute provides:
(1) Notwithstanding any other provision of the code, 2 years after the death of a person, neither the decedent's estate, the personal representative (if any), nor the beneficiaries shall be liable for any claim or cause of action against the decedent, whether or not letters of administration have been issued, except as provided in this section... . (e.s.)
The two exceptions listed in the statute to do not apply to the judgments at issue here.
Under the pre-1989 statute, the estate's liability in any cause of action was cut off after three years whether or not letters of administration were taken out, notice was given to creditors or claims were filed against the estate. The 1989 legislative amendments, which took effect July 5, 1989, expanded the number of entities exempted from liability (personal representatives and beneficiaries) and shortened the statutory period for filing claims from three years to two years. Clearly, the legislature intended to provide a point of closure for estates, even if *1084 the personal representative or beneficiaries did not comply with the procedures set out in the probate code. ("Notwithstanding any other provision of the code ...").
Thus, by operation of 733.710, Sun Bank's right to file its claim was extinguished on September 14, 1991, two years after the death of Bartkowiak, regardless of whether Sun Bank knew or should have known of its right to file a claim against his estate and regardless of whether Ms. Ptak had an alleged responsibility to notify judgment creditors of record.
The order under review is reversed.