658 So.2d 560 (1995)
BAPTIST HOSPITAL OF MIAMI, INC., Appellant,
v.
Jane C. CARTER as Personal Representative of the Estate of Stephen Carter, Appellee.
No. 94-2594.
District Court of Appeal of Florida, Third District.
June 21, 1995.
Rehearing Denied August 23, 1995.
*561 Alan M. Fisher and Barry A. Postman, Jay M. Levy, Miami, for appellant.
Freeman, Newman & Butterman and Michael C. Slotnick, Miami, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and LEVY, JJ.
SCHWARTZ, Chief Judge.
Baptist Hospital appeals from a final order striking its claim against the decedent's estate for the expenses of his last illness on the ground that it was filed more than two years after his death and was therefore barred by section 733.710, Florida Statutes (1989):
733.710. Limitations on claims against estates. 
(1) Notwithstanding any other provision of the code, 2 years after the death of a person, neither the decedent's estate, the personal representative (if any), nor the beneficiaries shall be liable for any claim or cause of action against the decedent, whether or not letters of administration have been issued, except as provided in this section.
(2) This section shall not apply to a creditor who has filed a claim pursuant to s. 733.702 within 2 years after the person's death, and whose claim has not been paid or otherwise disposed of pursuant to s. 733.705.
The trial court so ruled even though (a) Baptist had filed two caveats within eleven months of the death; (b) the decedent's widow, who became the personal representative of the estate, had represented to the hospital during the two years post-death period that no estate would be opened because there were no probatable assets owned by the decedent; and (c) notwithstanding these statements, the estate was indeed opened, but more than two years after the death. We hold that (a) while, under the 1989 version of section 733.710, the caveats did not toll the two-year limitation provided by that statute; (b) because 733.710 is a statute of limitations, rather than of repose, fraud or misrepresentation of the type alleged here may serve to estop the estate from raising the limitations defense. On the latter ground alone, therefore, we reverse for a factual determination of the misrepresentation-estoppel issue.

I.
Stephen Carter died a patient at Baptist Hospital on April 9, 1992. On June 15, 1992, his widow wrote to Baptist concerning its outstanding medical bill that "[u]nfortunately my husband passed away on April 9, 1992, leaving no estate subject to probate." [e.s.] Two days later, on June 17, 1992, and later, on March 29, 1993, Baptist filed caveats with the clerk of the probate division of the circuit court in accord with section 731.110, Florida Statutes (1989) and Florida Probate Rule 5.260. In the meantime, Baptist also filed a separate action for the bill against the widow personally, under the "necessaries" doctrine. In that proceeding, Mrs. Carter stated in a deposition on June 17, 1993:
Q. Was an estate ever owned by him alone?
A. There was no probate.
Q. Everything was held in joint names?
A. Uh-huh.
* * * * * *
Q. Was everything held as joint assets?
A. Yes.
Despite these statements, on May 3, 1994, less than a month over two years after Carter died, Mrs. Carter, in fact, opened her husband's estate  claiming the existence of Georgia assets individually owned by Mr. Carter  and was appointed personal representative. Although Baptist, notified because of the caveats, immediately filed a claim for its bill, it was stricken as untimely in the order now before us.

II.
One of Baptist's primary contentions is that the caveats in effect tolled the two-year statute of limitations for the filing of a claim provided by section 733.710. It relies on Gomez v. Jackson Memorial Hospital, *562 309 So.2d 564 (Fla. 3d DCA 1975), which, following Lord v. Department of Health & Rehabilitative Services, 296 So.2d 561 (Fla. 1st DCA 1974), indeed so held. We agree, however, with the trial judge that the now-effective 1989 amendment to 733.710 overruled the Gomez case in this respect. Prior to 1989, section 733.710 provided as follows:
733.710 Limitations against unadministered estates.  Three years after the death of a person, his estate shall not be liable in any cause of action if no letters have been issued in Florida within the 3-year period. This section shall not affect the lien of any duly recorded mortgage or security interest or the lien of any person in possession of personal property or the right to foreclose and enforce the mortgage or lien.
§ 733.710, Fla. Stat. (1987). The 1989 legislature significantly altered the provision by (a) reducing the three-year period to two years; (b) specifically providing that it applied both to administered and unadministered estates; and (c) most significantly, provided for its applicability "notwithstanding any other provision of the code"  obviously including the caveat provision, section 731.110. The clarity and specificity of those changes leave us with no doubt that their effect was to render a caveat irrelevant to the 733.710 limitations period and thus to negate the holdings in Gomez and Lord. As we said in In re Estate of Bartkowiak, 645 So.2d 1082 (Fla. 3d DCA 1994):
Under the pre-1989 statute, the estate's liability in any cause of action was cut off after three years whether or not letters of administration were taken out, notice was given to creditors or claims were filed against the estate. The 1989 legislative amendments, which took effect July 5, 1989, expanded the number of entities exempted from liability (personal representatives and beneficiaries) and shortened the statutory period for filing claims from three years to two years. Clearly, the legislature intended to provide a point of closure for estates, even if the personal representative or beneficiaries did not comply with the procedures set out in the probate code. ("Notwithstanding any other provision of the code ...").
Thus, by operation of 733.710, Sun Bank's right to file its claim was extinguished on September 14, 1991, two years after the death of Bartkowiak, regardless of whether Sun Bank knew or should have known of its right to file a claim against his estate and regardless of whether Ms. Ptak had an alleged responsibility to notify judgment creditors of record.
Bartkowiak, 645 So.2d at 1083-84; see also Lewis v. Department of Health & Rehabilitative Servs., 637 So.2d 966 (Fla. 5th DCA 1994).[1]

III.
We do agree with Baptist's alternative position that evidence that the survivor misled *563 it into the erroneous belief that no estate was necessary because there were no individually held assets raises a triable issue as to the estate's estoppel to claim the limitations defense.
It is well settled, both as a general rule, see McCrory Stores Corp. v. Lee, 157 Fla. 274, 25 So.2d 567 (1946), and with respect to the alleged filing of untimely claims in probate proceedings, Adams v. Hackensack Trust Co., 156 Fla. 20, 22 So.2d 392 (1945), that fraud or misrepresentation which misleads a claimant into a justified failure to assert his rights bars reliance on a statute of limitations. It is true that this rule does not apply to a statute of repose which, by definition, absolutely bars a claim or action after the passage of a particular period of time regardless of the underlying circumstances. See University of Miami v. Bogorff, 583 So.2d 1000 (Fla. 1991). There is no basis, however, for the conclusion that section 733.710 is such a statute:
1. Everything in the statute itself and in the legislative history mandates the conclusion that 733.710 is a statute of limitations rather than repose. The very title of the statute is "Limitations on the claims against estates." [e.s.] The underlying legislative committee reports refer to it in the same manner:
* * * * * *
Second, the free standing statute of limitations barring claims after the expiration of three years of a decedent's death, would be reduced to two years whether or not a petition for administration has been filed.
* * * * * *
Section 9 amends section 733.710, F.S., relating to limitations on claims against unadministered estates. The bill reduces the so called "free standing" statute of limitations provision from 3 to 2 years and provides that the limitation would apply whether or not letters of administration had been issued. The current three-year statute of limitations applies only if no letters of administration have been issued.
* * * * * *
H.R.Comm. on Judiciary Final Staff Analysis & Economic Impact Statement (June 15, 1989).
Most significantly, the language of the statute contains none of the magic words of finality which show the legislature's intention to foreclose the equitable claims which are precluded by a true statute of repose. The point is demonstrated by the cases construing section 733.702, the analogous statute concerning the time for filing claims after notice. Initially, the Supreme Court held, in Barnett Bank v. Read, 493 So.2d 447 (Fla. 1986), that language which provided that "No claim ... shall be binding on the estate, on the personal representative, or on any beneficiary unless presented ... [w]ithin three months from the time of the first publication of the notice of administration ..."
is a statute of limitations. Valid grounds, such as estoppel or fraud, may exist that would and should excuse untimely claims. A creditor would lose the right to assert these potentially valid claims were we to hold that section 733.702 is a statute of nonclaim.
Barnett Bank, 493 So.2d at 448-49. In 1984, however, the legislature amended 733.705(3) to provide:
No action or proceeding on the claim shall be brought against the personal representative after the time limited above, and any such claim is forever barred without any court order. [e.s.]
§ 733.705(3), Fla. Stat. (Supp. 1984).
In In re Estate of Parson, 570 So.2d 1125 (Fla. 1st DCA 1990), the court held that:
These changes ... indicate the legislature's intent to create a jurisdictional statute of nonclaim which, under the circumstances specified in the statutes, automatically bars untimely claims.
In re Estate of Parson, 570 So.2d at 1126 (footnote omitted). It is obvious that the language of 733.710 invokes Barnett rather *564 than Parson. There is no language indicating the existence of an absolute cut off, and thus of a statute of repose. Compare also § 95.11(4)(b), Fla. Stat. (1993) ("[H]owever, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued.").
In the light of this holding, we conclude that the trial court must determine the validity of the claim that misrepresentation as to the existence of individually held assets and of the intention to open an estate to administer them resulted in the appellee's inability to assert the limitations defense. See Burch v. Burgess, 521 So.2d 921 (Ala. 1988); Adams v. Hackensack Trust Co., 156 Fla. at 20, 22 So.2d at 392; Van Dusen v. Southeast First Nat'l Bank, 478 So.2d 82 (Fla. 3d DCA 1985); Karpo v. Deitsch, 196 So.2d 180 (Fla. 3d DCA 1967); Metcalf v. Johnson, 113 So.2d 864 (Fla. 2d DCA 1959); Fort v. White, 54 Ind. App. 210, 101 N.E. 27 (1913); In re West's Estate, 169 Kan. 447, 219 P.2d 418 (1950); Pellegrino v. Maloof, 56 Md. App. 338, 467 A.2d 1046 (1983); Schlossberg v. Schlossberg, 275 Md. 600, 343 A.2d 234 (1975); cf. Padgett v. In re Estate of Padgett, 318 So.2d 484 (Fla. 1st DCA 1975). The cause is remanded to the trial court to hear and determine the issue and for further appropriate proceedings.
Reversed and remanded with directions.
NOTES
[1] In arguing to the contrary, Baptist claims that such a holding (1) unfairly permits decedents' representatives to deliberately delay the opening of estates in order to preclude creditors' claims; and (2) contrary to the asserted rule that each statute is deemed to serve a useful purpose, renders the caveat statute a nullity. We agree with neither contention.

1. It is obvious that, in the overwhelming majority of cases, the interest of the survivors in the efficient administration of the decedent's probatable assets will itself provide ample impetus for the prompt opening of estates well within the two-year period. If this is not done, however, any creditor  faced with the known obstacle of the two-year-733.710 period  is, of course, free to provide self-protection by opening the estate itself as an "interested person" under sections 733.202(1) and 731.201(21). See In re Estate of Raymond, 237 So.2d 84 (Fla. 1st DCA 1970). Moreover, if the costs of doing so have been made necessary by the recalcitrance of the beneficiaries, they may and should be taxed in the creditor's favor under section 733.106(1), Florida Statutes (1993).
2. The hospital's claim that the caveat statute has been nullified by our decision is also without merit. It is true that other 1989 amendments to the probate code, which, reflecting the decision in Tulsa Professional Collection Services v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988), provide that specific notice must be given by the estate to creditors which are known or should be known to it, have somewhat reduced its role. But the caveat still serves the useful purpose of providing irrefutable notice of the creditors' interests which thus triggers, without the necessity of litigation over the "should have known" point, see Jones v. Sun Bank/Miami, N.A., 609 So.2d 98 (Fla. 3d DCA 1992); Public Health Trust v. Estate of Jara, 526 So.2d 745 (Fla. 3d DCA 1988), the estate's duty to give the caveator actual notice. Even if this were not the case, however, the rule that new or prospective statutes must be deemed to have some effect, see Girard Trust Co. v. Tampashores Dev. Co., 95 Fla. 1010, 117 So. 786 (1928), can hardly apply to a situation like this one in which a previously existing statute is affected by subsequent legislation. Were the rule otherwise, there would be no need for periodic scriveners' bills to eliminate outmoded and archaic statutes. Moreover, the doctrine of "statutory meaningfulness" must fall before the legislature's specific provision ("Notwithstanding any other provision of the code") that the new statute precludes the applicability of the old one.