673 So.2d 163 (1996)
COMERICA BANK & TRUST, F.S.B., Personal Representative of the Estate of Jeanne Kiefer, Appellant,
v.
SDI OPERATING PARTNERS, L.P., a Delaware limited partnership, Appellee.
No. 94-3175.
District Court of Appeal of Florida, Fourth District.
May 15, 1996.
Jay R. Dingledy of Schottenstein, Zox & Dunn Co., L.P.A., Columbus, Ohio, for appellant.
Jose O. Diaz and Carla L. Brown of Honigman Miller Schwartz and Cohn, West Palm Beach, for appellee.
FARMER, Judge.
The issue emerging from this appeal is whether section 733.710, Florida Statutes *164 (1991), is a statute of repose, thus barring the claim in suit, or an ordinary statute of limitations empowering the probate judge to extend the time for filing the claim. We conclude that the statute states an absolute barakin to a statute of reposethat the court lacks the power to avoid. It follows that the claim here is barred for untimeliness.
The claim in suit arises from alleged environmental pollution of land once owned by, in part, the decedent, who died on June 20, 1992. First publication of notice of administration was made on September 12, 1992. In August 1993, or more than a year after her death, the current owner of the allegedly contaminated land commenced an action in a Michigan court against several defendants, including decedent or her estate and SDI Operating Partners (claimant), for damages and other relief. The owner entered into a settlement with SDI in November 1993 and assigned to SDI all of its causes of action against the other defendants, including the claim against decedent.
On June 13, 1994, SDI was substituted for the original plaintiff in the Michigan action and 3 days later served the personal representative (PR) for decedent's estate with a copy of an amended complaint. On June 21, 1994, the PR filed a motion in the Michigan court to dismiss the estate from the action on grounds of lack of jurisdiction, and the Michigan judge granted that motion on August 5, 1994.
In August 1994, the PR sent SDI notice that it should file a claim in the probate estate. The notice also stated, however, that the failure of SDI to file a claim within 2 years from decedent's death barred it from any claim against the estate, the beneficiaries or the PR. On September 27, 1994, SDI filed a petition to enlarge the time for filing its claim, which the probate court granted over the PR's objection that section 733.710 unavoidably barred the claim as untimely. Thence this appeal.
Section 733.710 was part of a package of amendments to the Probate Code that the legislature adopted in 1989 in obvious response to the United States Supreme Court's decision in Tulsa Professional Collection Services Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). See § 9, ch. 89-340, Laws of Fla. Pope had invalidated on due process grounds a host of statutes of limitations[1] around the country dealing with the filing of claims in decedents' estates.
In the course of the opinion in Pope, Justice O'Connor drew a distinction for due process purposes between statutes of limitations that are "self-executing," like statutes of repose which are effective by their very terms; and statutes of limitations where "private parties make use of state procedures with the overt, significant assistance of state officials." 485 U.S. at 486, 108 S.Ct. at 1345. The self executing statutes do not implicate any due process problem, 485 U.S. at 486-87, 108 S.Ct. at 1346, but those that involve significant state participation in their assertion and vindication implicate the protections of the due process clause. 485 U.S. at 487, 108 S.Ct. at 1346. As the court further explained:
"The State's interest in a self-executing statute of limitations is in providing repose for potential defendants and in avoiding stale claims. The State has no role to play *165 beyond enactment of the limitations period."
485 U.S. at 486, 108 S.Ct. at 1345.
The pertinent provisions of the statute in question state:
"733.710 Limitations on claims against estates.
(1) Notwithstanding any other provision of the code, 2 years after the death of a person, neither the decedent's estate, the personal representative (if any), nor the beneficiaries shall be liable for any claim or cause of action against the decedent, whether or not letters of administration have been issued, except as provided in this section.
(2) This section shall not apply to a creditor who has filed a claim pursuant to s. 733.702 within 2 years after the person's death, and whose claim has not been paid or otherwise disposed of pursuant to s. 733.705.
(3) This section shall not affect the lien of any duly recorded mortgage or security interest or the lien of any person in possession of personal property or the right to foreclose and enforce the mortgage or lien." [e.s.]
Section 733.710 is found in part VII of chapter 733, entitled "Creditors' Claims." Also found in part VII is section 733.702, Florida Statutes (1991). Section 733.702(1) states in part:
"(1) If not barred by s. 733.710, no claim or demand against the decedent's estate that arose before the death of the decedent, including claims of the state and any of its subdivisions, whether due or not, direct or contingent, or liquidated or unliquidated; no claim for funeral or burial expenses; no claim for personal property in the possession of the personal representative; and no claim for damages, including, but not limited to, an action founded on fraud or another wrongful act or omission of the decedent, is binding on the estate, on the personal representative, or on any beneficiary unless filed within the later of 3 months after the time of the first publication of the notice of administration or, as to any creditor required to be served with a copy of the notice of administration, 30 days after the date of service of such copy of the notice on the creditor, even though the personal representative has recognized the claim or demand by paying a part of it or interest on it or otherwise."
The introductory adverbial phrase in section 733.702(1), "[i]f not barred by s. 733.710," means that the 2-year period of section 733.710 is paramount over the limitations period in section 733.702(1). Reading the two sections together, it appears that section 733.702 fixes the basic time frame for filing of claims in decedent's estates being probated in Florida, but section 733.710 sets an absolute deadline beyond which no claim may be entertained.
Knowing the effect of the Pope decision, it seems inescapable that the legislative intent for section 733.710 was to create a self-executing period of reposewithout significant action by the state itself, it must be noted for all claims after the lapse of the 2-year period. In its own terms, it takes precedence over all other provisions in the probate code. At the same time, the text is formulated to extinguish any liability that the estate, the beneficiaries or the PR might have had for any claim or cause of action against the decedent. Hence, rather than merely fixing a period of time in which to file claims, as section 733.702 does, in reality it creates an immunity from liability arising from the lapse of the period stated. The only exception to section 733.710's immunity from liability is found within its own subsection (2), which exempts from the bar of subsection (1) claims that were actually filed within the 2 year period but as to which the PR has failed to make payment or file an objection.[2]
We also take note of section 733.702(3), which states that:
"[a]ny claim not timely filed as provided in this section is barred even though no objection to the claim is filed on the grounds of timeliness or otherwise unless the court extends the time in which the claim may be filed." [e.s.]
*166 It is apparent that section 733.702(3) is unlike an ordinary statute of limitations[3] in that it contains express language barring untimely claims without any necessity for the PR to object to the tardiness in filing. At the same time, this subsection also contains authority for the probate court to extend the nonclaim period of section 733.702(1).[4] The claimant must show fraud, estoppel or insufficient notice to empower the probate court to grant the extension. But the legislature was careful to add in section 733.702(5) that "nothing in this section shall extend the limitations period set forth in s. 733.710." There is no extension provision, moreover, in section 733.710. In fact, there is no authority anywhere in the probate code to extend the 2-year period of section 733.710.
Reading the limited grant of extension authority in section 733.702(3) to enlarge the section 733.710 period of repose would be contrary to the structure and text of part VII of the probate code. Enlarging the repose period would also frustrate the obvious purpose underlying section 733.710 to provide an absolute bar date on the estate's liability for claims in decedent's estates being probated in Florida. Paradoxically, it would tend to make section 733.710 all but indistinguishable from section 733.702.
There is a fundamental difference between ordinary statutes of limitations, on the one hand, and statutes of repose or jurisdictional nonclaim statutes, on the other. As the court noted in Barnett Bank v. Estate of Read, 493 So.2d 447, 448 (Fla.1986), ordinary statutes of limitations are mere affirmative defenses for the opponent of the claim to plead and prove, while jurisdictional statutes of nonclaim operate to bar untimely claims without any action by the opponent and deprive the court of the power to adjudicate them.
It was not always true about section 733.702 that it was merely an ordinary limitations period. Before 1984, the text lacked any provision that an untimely claim was barred without any court order. Therefore, in Read, the court held that the pre-1984 version of section 733.702 was an ordinary statute of limitations. In 1984, however, the legislature added the provision to the effect that untimely claims are barred even without any court order. Section 733.702(3) is now properly regarded as a jurisdictional statute of nonclaim, rather than an ordinary statute of limitations, and nothing in legislative response to Pope has altered that 1984 recasting of section 733.702 from a general limitations to a jurisdictional nonclaim provision. In re Estate of Parson, 570 So.2d 1125 (Fla. 1st DCA 1990); and Thames v. Jackson, 598 So.2d 121 (Fla. 1st DCA 1992).[5] This is true even though the claims filing period of section 733.702 may be enlarged by the court when the required factual basis for doing so has been established. In contrast, as we have already seen, section 733.710 unequivocally erases any liability on claims filed after the repose period.
Statutes of repose, it is clear, act unlike ordinary limitations periods that must be *167 asserted by a litigant in a court. In Bauld v. J.A. Jones Construction Co., 357 So.2d 401, 402 (Fla.1978), the court explained their usages thus:
"We recognize the fundamental difference in character of these provisions from the traditional concept of a statute of limitations. Rather than establishing a time limit within which action must be brought, measured from the time of accrual of the cause of action, these provisions cut off the right of action after a specified time measured from the delivery of a product or the completion of work. They do so regardless of the time of the accrual of the cause of action or of notice of the invasion of a legal right."
Statutes of repose are used in varied contexts. In Bauld, a statute barred untimely claims against a general contractor for negligence in the design or construction of an improvement to real property. In Universal Engineering Corp. v. Perez, 451 So.2d 463 (Fla.1984), a statute barred stale claims based on a negligently designed product. In University of Miami v. Bogorff, 583 So.2d 1000 (Fla.1991), a statute barred stale claims based on medical malpractice.[6] They are apparently chosen by the legislature to operate in contexts in which an absolute bar date is deemed important and which cannot be avoided by pleading and evidence.
Clearly, section 733.710 creates a self-executing, absolute immunity to claims filed for the first time, as here, more than 2 years after the death of the person whose estate is undergoing probate. It does not depend on the PR timely objecting to a late claim, and the claimant cannot avoid it by showing, as he could for the nonclaim period under section 733.702, fraud or estoppel or insufficiency of notice. The absence of a provision authorizing enlargements of the repose period, together with the provision in section 733.702(5) negating any use of the enlargement provision to extend the repose period, make it clear to us that the lapse of the 2-year period erects an absolute jurisdictional bar to late-filed claims that the probate judge lacks the power to ignore. It obviously represents a decision by the legislature that 2 years from the date of death is the outside time limit to which a decedent's estate in Florida should be exposed by claims on the decedent's assets.
SDI relies on Baptist Hospital of Miami v. Carter, 658 So.2d 560 (Fla. 3d DCA 1995), in which the third district concluded that section 733.710 is an ordinary statute of limitations, rather than of repose, and that fraud or misrepresentation of the type alleged there could serve to estop the estate from raising the section 733.710 defense. First the court reasoned that the legislative historyconsisting of legislative committee reportsrefer to the proposed 1989 legislation as limitations on claims against decedent's estates. Next the court applied Read, which it described as construing the "analogous" section 733.702, and found that Read had held section 733.702 to be a "true" statute of limitations as to which estoppel or fraud could prevent the opponent of the claim from asserting the statute. The court also distinguished Parson, saying that there is no "language indicating the existence of an absolute cut off [in section 733.710], and thus a statute of repose." Carter, 658 So.2d at 563-64.
We are unable to agree with this analysis for a number of reasons. First, we do not agree that a court may consult this kind of "legislative history" to support a meaning of a statute not contained in its text. The legislative history of a statute is irrelevant when the wording of a statute is clear. Aetna Cas. & Sur. Co. v. Huntington Nat. Bank, 609 So.2d 1315 (Fla.1992). Where the language of a statute is clear and unambiguous, the statute must be given its plain and ordinary meaning. Streeter v. Sullivan, 509 *168 So.2d 268 (Fla.1987), and Holly v. Auld, 450 So.2d 217 (Fla.1984). We are required to indulge the assumption that the legislature knows the meaning of words and has expressed its intent in the words used in the statute. S.R.G. Corp. v. Department of Revenue, 365 So.2d 687 (Fla.1978). To repeat ourselves, there is no ambiguity in the words used in section 733.710. They say that, in spite of anything contained in any other statute, the estate is simply not liable on any claim filed more than 2 years after the decedent's death.
Second, even if we could rely on such committee reports or analysis, those in question do not reasonably suggest a meaning different from the text of the statute. As the term limitations was used in the cited reports, it is clear that it was meant in its generic sense, rather than the more limited sense of a period which must be asserted by the adverse party in a proper pleading and supported by proof. There is no indication anywhere in the committee reports that the term limitations was intended to be used as a term of art, referring to the ordinary statutes that must for effect be asserted by adverse parties or be deemed waived, and thus to suggest thatdespite its textthe proposed new section 733.710 would not be one of repose but of ordinary limitation.
We also conclude that the third district's reliance on Read is misplaced. As we showed earlier in this opinion, Read dealt with section 733.702 as it was written before the 1984 amendment and before the Pope decision. The pre-1984 version of section 733.702 was a statute of limitations according to Read that could be waived by conduct of the opponent of the claim. But that hardly has any meaning as to the intent of the 1991 section 733.710, which itself contains no provision for enlargement and as to which section 733.702(5) expressly disclaims any power to enlarge. Most importantly, as we have just seen, section 733.710 does indeed contain an absolute "cutoff" of liability on claims or causes of action against the decedent.
Although our disagreement with Carter is manifest in this opinion, to facilitate a supreme court resolution of the issue, we certify conflict.
REVERSED; CONFLICT CERTIFIED.
STONE, J., and STREITFELD, JEFFREY E., Associate Judge, concur.
NOTES
[1] In reality the term limitations is a word of shifting meanings:

"It may also be pointed out that a wide distinction exists between general statutes of limitation and the so-called short, special, nonclaim or administrative statute of limitations under which claims of deceased persons must be presented * * * within a given time after the administration of an estate begins and notice is published for the benefit of creditors. Not only is the purpose of the nonclaim statute different, but the event which starts the period running and makes it effective different. General statutes of limitation begin to run when the cause of action arises; nonclaim statutes do not become effective except as to claims against decedents' estates and then only after an administrator has been appointed, letters of administration issued, and notice given to the creditors as required by the statute.
"While statutes of limitation are distinguishable technically from statutes of repose, their ultimate effect is the sameto place in repose the assertion of rights to which one is entitled unless such rights are enforced within the specified time. Accordingly, statutes of limitation are generally looked on by the courts with favor as statutes of repose."
35 Fla.Jur.2d, Limitations and Laches, § 1, at 7-8.
[2] This exception does not apply in this case because SDI failed to file its claim in the probate court within 2 years from the decedent's date of death.
[3] See, e.g., § 94.11, Fla.Stat. (1995) (actions "shall be commenced" within a prescribed periods of time).
[4] See § 733.702(3), Fla.Stat. (1995), which provides in part:

"(3) Any claim not timely filed as provided in this section is barred even though no objection to the claim is filed on the grounds of timeliness or otherwise unless the court extends the time in which the claim may be filed. Such an extension may be granted only upon grounds of fraud, estoppel, or insufficient notice of the claims period. No independent action or declaratory action may be brought upon a claim which was not timely filed unless such an extension has been granted." [e.s.]
[5] Spohr v. Berryman, 589 So.2d 225 (Fla.1991), is not to the contrary. The issue there was whether the filing of a law suit against the PR within the 3 month nonclaim period was sufficient compliance with the requirement of filing a claim in the probate estate. The court held that it is not.

Along the way, the court said: "[w]hile known as a statute of nonclaim, it is nevertheless a statute of limitations." 589 So.2d at 227. The decedent in that case died in 1986, 589 So.2d at 226, by which time language had been adopted providing that untimely claims are forever barred without court order. See 733.705(3), Fla. Stat. (1985). Because the PR filed a motion for summary judgment in the civil action raising the bar of section 733.702 and 733.705, the court did not have occasion to consider whether the limitations provisions in question were ordinary statutes of limitations or jurisdictional statutes of nonclaim.
[6] Bogorff bears a strong affinity for the statutory framework in part VII of the probate code. In Bogorff the medical malpractice statute contained both a limitations period and a repose period. Such claims were required to be brought within 2 years from the time the patient is on notice of the fact of medical negligence, but the repose period barred all claims commenced more than 4 years after the provision of the medical services in which the malpractice is said to have occurred. This structure is similar in effect to the probate statutes here, which contain a claim filing period measured from notice of probate, as well as an absolute bar measured from the date of death.