723 So.2d 396 (1999)
Benita TOBIN, Appellant,
v.
Vincent E. DAMIAN, Jr., Herbert A. Tobin, Mark Tobin and Jason Tobin, as co-Personal Representatives of the Estate of Ben Tobin and co-Trustees of the Ben Tobin Revocable Trust and the Ben Tobin Foundation, Appellees.
No. 97-4199.
District Court of Appeal of Florida, Fourth District.
January 13, 1999.
*397 Ronald P. Weil and Daniel F. Blonsky of Aragon, Burlington, Weil & Crockett, P.A., Miami, for appellant.
John R. Hargrove and W. Kent Brown of Heinrich Gordon Hargrove Weihe & James, P.A., Fort Lauderdale, for appellees.
PER CURIAM.
Benita Tobin appeals the trial court's dismissal of her second amended complaint against the Ben Tobin Revocable Trust ("the Trust") for failure to state a cause of action. She argues that the Trust was properly named as a defendant and that the dismissal of the Trust should not have been granted with prejudice. We affirm.
Appellant filed a complaint and an amended complaint against Vincent E. Damian, Jr., Herbert A. Tobin, Mark Tobin and Jason Tobin, as co-personal representatives of the estate of Ben Tobin and co-trustees of the Ben Tobin Revocable Trust, and against the Ben Tobin Foundation. The trial court granted the Trust's motion to dismiss the amended complaint without prejudice. Appellant filed her second amended complaint against the same parties with the following counts: Count Isexual assault and battery for acts allegedly committed by Ben Tobin, the decedent, Count IIintentional infliction of emotional distress, Count IIItrust accounting, and Count IVfailure to make trust distribution. The Trust moved to dismiss the second amended complaint, arguing that it cannot be alleged that the Trust was a tortfeasor and that the probate court, not the civil division of the seventeenth judicial circuit, has continuing jurisdiction over the trust assets of the decedent. The trial court granted the motion to dismiss with prejudice for failure to state a cause of action against the Trust.
Appellant argues that section 733.707(3), Florida Statutes (1995), provides a cause of action against the Trust for her claims against Ben Tobin's estate. Section 733.707(3) provides,
Any portion of a trust with respect to which a decedent who is the grantor has at the decedent's death a right of revocation, as defined in paragraph (c), either alone or in conjunction with any other person, is liable for the expenses of the administration of the decedent's estate and enforceable claims of the decedent's creditors to the extent the decedent's estate is insufficient to pay them as provided in § 733.607(2).
§ 733.707(3), Fla. Stat. (emphasis added).
As to counts I and II, the trial court correctly concluded that appellant does not have a direct action against the Trust for the tort claims asserted in the second amended complaint; section 733.707(3), Florida Statutes, does not create such a cause of action. Neither party has cited nor has this court found case law or precedent defining the term "enforceable claim" as provided in section 733.707, Florida Statutes. We hold that an enforceable claim is a timely filed claim against the estate where no objection has been made by the personal representative or a timely filed claim against the estate where a timely objection has been made and a subsequent judgment has been entered in favor of the claimant or stipulation for payment has been reached. Here, appellant does not yet have an enforceable claim against the Trust.
We affirm the trial court's dismissal with prejudice of appellant's complaint. However, our affirmance is without prejudice to appellant to maintain in a separate action her claim for an accounting and distribution under the Trust and to seek relief under section 733.707, Florida Statutes, for such "enforceable claims" as she may now have or acquire.
AFFIRMED.
*398 DELL and STEVENSON, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.