744 So.2d 596 (1999)
LUTHERAN BROTHERHOOD LEGAL RESERVE FRATERNAL BENEFIT SOCIETY, Appellant,
v.
ESTATE OF Robert F. PETZ, Deceased, Appellee.
No. 99-00445.
District Court of Appeal of Florida, Second District.
November 24, 1999.
*597 Ralf R. Rodriguez of Buchanan, Ingersoll Professional Corporation, Miami, for Appellant.
Robert E. Bone, Jr. of Cottrell, Warchol, Merchant & Rollings, L.L.P., Cape Coral, for Appellee.
CASANUEVA, Judge.
Lutheran Brotherhood Legal Reserve Fraternal Benefit Society appeals an order dismissing with prejudice its petition to reopen the estate of Robert F. Petz. We affirm the trial court's determination that the petition was barred by operation of section 733.710, Florida Statutes (1997).
While insured under life insurance contracts issued by Lutheran Brotherhood, Robert F. Petz died on May 28, 1990. His estate was opened with the appointment of his wife, Betty G. Petz, as personal representative. Prior to her appointment as personal representative, Lutheran Brotherhood paid to Mrs. Petz the death benefits due pursuant to Mr. Petz's various life insurance contracts. Without objection, Mrs. Petz accepted and retained these payments. Ultimately, the estate was closed by court order on May 16, 1991.
On June 24, 1997, six years later, Mrs. Petz initiated a civil action in Pennsylvania against Lutheran Brotherhood, alleging that she sustained damages caused by Lutheran Brotherhood's breach of certain life insurance contracts. A thrust of her complaint was that Mr. Petz had twice forged her signature: first, on a release that improperly permitted him to borrow $18,829.86 from one life insurance policy and, second, on a check for the surrender value of another life insurance policy in the amount of $15,381.01. In each instance, Mrs. Petz alleged, Mr. Petz misappropriated funds due her and, had Lutheran Brotherhood not breached contractual duties, she would not have been harmed.
In addition to defending the Pennsylvania action, Lutheran Brotherhood responded by filing a petition seeking to reopen Robert F. Petz's estate and to set aside the personal representative's discharge. The personal representative countered by filing a motion for judgment on the pleadings asserting that Lutheran Brotherhood's claim was barred by section 733.710, Florida Statutes (1997). In dismissing the petition with prejudice, the trial court found that the claim was filed more than two years after Mr. Petz's death and was barred because section 733.710 functions as a statute of repose.
Section 733.710, Florida Statutes (1997), is entitled "Limitations on claims against estates" and provides in subsection (1):
Notwithstanding any other provision of the code, 2 years after the death of a person, neither the decedent's estate, the personal representative (if any), nor the beneficiaries shall be liable for any claim or cause of action against the decedent, whether or not letters of administration have been issued, except as provided in this section.
Subsections (2) and (3) provide two exceptions to subsection (1): operation of the statute will not bar the claim of a creditor who has properly filed a claim within two years after the person's death but has neither been paid nor has had the claim resolved, nor will it affect the lien or fore-closure *598 rights of holders of mortgages or security interests or personal property.
Presently, the courts have arrived at two divergent views of the proper interpretation of section 733.710. The Third District, in Baptist Hosp. of Miami, Inc. v. Carter, 658 So.2d 560 (Fla. 3d DCA 1995), opined that the statute is an ordinary statute of limitations and not one of repose. To bar a claim, the opponent must assert the affirmative defense of the statute or risk losing that defense. Conversely, the Fourth District in Comerica Bank & Trust, F.S.B. v. SDI Operating Partners, L.P., 673 So.2d 163 (Fla. 4th DCA 1996), has decided that the statute is one of repose and not of limitation. As such, the statute is a self-operating absolute jurisdictional bar to a tardily filed claim. See Barnett Bank of Palm Beach County v. Estate of Read, 493 So.2d 447 (Fla.1986) (explaining the distinction between jurisdictional statutes of non-claim (repose) and statutes of limitations, which are subject to waiver).
We conclude that section 733.710 is a statute of repose that bars Lutheran Brotherhood's untimely filed claim. Accordingly, Lutheran Brotherhood's petition was properly dismissed. In reaching our decision, we align ourselves with the rationale expressed in Comerica Bank and certify conflict with Baptist Hospital of Miami.
Affirmed.
NORTHCUTT, A.C.J., and STRINGER, J., Concur.