766 So.2d 393 (2000)
In re The ESTATE OF Anna K. READ, Anna K. Read Trust dated January 8, 1992 and Ralph Desimone, as heir to Anna K. Read and as successor trustee of the Anna K. Read Trust dated January 8, 1992, Appellants,
v.
A.D.K. PROPERTIES, a Florida General Partnership, Appellee.
No. 2D99-2962.
District Court of Appeal of Florida, Second District.
August 11, 2000.
J. Michael Rooney, Punta Gorda, for Appellants.
John A. Schaefer, Sharon E. Krick and Charles A. Samarkos of Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clearwater, for Appellee.
STRINGER, Judge.
This is an appeal from a final summary judgment entered in favor of A.D.K. Properties ("South Port Square") against appellants, the Anna K. Read Trust ("the Trust") and Ralph DeSimone as heir to Anna K. Read and successor trustee of the Trust. Because we find that South Port Square failed to obtain an enforceable claim, we reverse.
South Port Square is an independent living and licensed healthcare facility providing assisted living and skilled nursing care. On May 24, 1993, South Port Square and Anna K. Read entered into an agreement for Mrs. Read's occupancy of an apartment at South Port Square. The agreement provided that Mrs. Read was to make an initial payment of $31,900 into a South Port Square escrow account. South Port Square would then give her a mortgage bond to secure repayment. When the residency agreement terminated, South Port Square would then become obligated *394 to return the entire initial price of the apartment. At the same time, Mrs. Read would become obligated to pay South Port Square anywhere from 6% to 50% of the mortgage bond amount as an occupancy fee. In November of 1996, Mrs. Read terminated her agreement with South Port Square, vacated her apartment, and departed the facility. Shortly thereafter Mrs. Read passed away. Once Mrs. Read terminated the residency agreement, South Port Square sent Mr. DeSimone, as successor trustee of the Trust, a check in the amount of $31,900 as the redemption payment for the mortgage bond. Under the terms of the agreement, an occupancy fee in the amount of $15,900 then became due to South Port Square. Appellants refused to pay the occupancy fee which resulted in this action for breach of contract.
Appellants raise several issues on appeal; however, we find that only one merits discussion. Appellants argue that South Port Square failed to obtain an enforceable claim against the estate of Mrs. Read, and thus, it failed to meet the condition precedent to obtaining relief from the Trust. We agree.
Section 733.707(3), Florida Statutes (1997), provides:
Any portion of a trust with respect to which a decedent who is the grantor has at the decedent's death a right of revocation, as defined in paragraph(e), either alone or in conjunction with any other person, is liable for the expenses of the administration of the decedent's estate and enforceable claims of the decedent's creditors to the extent the decedent's estate is insufficient to pay them as provided in s. 733.607(2).
§ 733.707(3), Fla. Stat. (1997). In Tobin v. Damian, 723 So.2d 396 (Fla. 4th DCA 1999), the Fourth District held that a party does not have a cause of action against a trust for a tort claim against a decedent unless the party has first obtained an enforceable claim against the decedent's estate. The Fourth District defined an enforceable claim as "a timely filed claim against the estate where no objection has been made by the personal representative or a timely filed claim against the estate where a timely objection has been made and a subsequent judgment has been entered in favor of the claimant or stipulation for payment has been reached." Id. at 397.
In this case, South Port Square does not dispute the fact that it failed to obtain an enforceable claim but instead argues that it should not be required to obtain an enforceable claim against the estate of Mrs. Read because no estate was ever opened on her behalf. This fact, however, did not absolve South Port Square from the statutory requirement of first obtaining an enforceable claim against the estate prior to seeking payment from the Trust. South Port Square should have opened an estate on Mrs. Read's behalf if no other interested party did so. See Baptist Hosp. of Miami, Inc. v. Carter, 658 So.2d 560, 562 n. 1 (Fla. 3d DCA 1995) ("It is obvious that, in the overwhelming majority of cases, the interest of the survivors in the efficient administration of the decedent's assets will itself provide ample impetus for the prompt opening of estates.... If this is not done, however, any creditor ... is, of course, free to provide self-protection by opening the estate itself as an `interested person' under sections 733.202(1) and 731.201(21).").[1]
While it does not appear from the record that this contractual obligation was a debt of the Trust, we note that the money Mrs. Read paid to South Port Square was paid from the Trust and repaid to the Trust by South Port Square after Mrs. Read's death. If the contractual obligation was a debt of the Trust, South Port Square *395 would not be bound by the requirements of section 733.707(3) and could proceed directly against the Trust. We express no opinion on this question.
We reverse the summary judgment entered in favor of South Port Square and direct the trial court to dismiss this action unless South Port Square can show on remand that it has obtained an enforceable claim or that the contractual obligation was a debt of the Trust, or unless the trial court allows South Port Square to amend its complaint to assert other actions it might have against the Trust directly. Our holding is without prejudice to South Port Square to maintain an action against any present or future estate of Mrs. Read and to seek relief under section 733.707 for such enforceable claims as it may have or later obtain.
Reversed and remanded for further proceedings.
CAMPBELL, A.C.J., and FULMER, J., Concur.
NOTES
[1] We note that this court in Lutheran Brotherhood Legal Reserve Fraternal Benefit Society v. Estate of Petz, 744 So.2d 596 (Fla. 2d DCA 1999), certified conflict with Baptist Hospital of Miami, Inc. v. Carter, 658 So.2d 560 (Fla. 3d DCA 1995), on another issue unrelated to this appeal.