DRIVER, B. J., Associate Judge.
This is an appeal from the County Judge’s Court of Charlotte County, Florida.
On October 19, 1964, Letters of Administration were issued by the County Judge to Appellant, Farr, and on October 24, 1964, notice to creditors was first published requiring that all claims against the estate of the decedent be filed on or before April 22, 1965. On November 3, 1964, Appellee, Dr. W. B. Clement, filed a claim with the County Judge. This claim, however, was not acknowledged or sworn to. On May 18, 1965, Appellant, as administrator, filed his objections to the claim on the grounds that it was not sworn to as required by Florida Statutes, Section 733.16, F.S.A. Claimant, Dr. Clement, on July 12, 1965, petitioned the Court for leave to file an amended claim and on September 3, 1965 *614 the petition was granted and claimant was permitted to amend his claim.
Appellant assigns as error the Order granting leave to amend.
Section 733.16, supra, controls the method and form for filing claims against a decedent’s estate. It requires, among other things, 1) that the claim be in writing, 2) that it be sworn to, 3) that it be filed in the office of the County Judge within six months from the date of first publication of notice to creditors and that it recite the residence and post office address of the claimant.
It is appellant’s contention that this Section is to be strictly construed according to its literal terms and that failure to abide to the letter of the Section voids any attempt to file a claim against an estate. From this premise appellant argues that since the initial claim which Dr. Clement attempted to file was not sworn to, it was therefore, void ab initio and did not toll the running of the six months limitation. Appellant then concludes that since no claim had been filed within the allotted time there was nothing before the County Judge to amend and he had no discretion to invoke.
Section 733.17 of the Statutes expressly provides, however, as follows:
“If a bona fide attempt to file a claim is made by any creditor or other claimant but it is defective as to form, the county judge in his discretion may permit the amendment of such claim at any time before payment.”
Appellant contends that this Section is not germane to the questions here presented for the reason that swearing to the claim and affixing the acknowledgment is not a matter of form but is one of substance indispensable to the jurisdiction of the Court.
Appellant’s contention has been answered to the contrary by the Supreme Court of Florida in In Re Jeffries’ Estate, 136 Fla. 410, 181 So. 833. In Jeffries the form of claim failed to show the residence and post office address of the claimant and in declaring this to be amendable under Section 733.17, the Court stated:
“It is the purpose of the Probate Act of 1933 to expedite the settlement of the estates of decedents; but there is no purpose in the statute to unreasonably curtail the remedial rights of creditors of such estates to present and to enforce their claims by due and appropriate judicial procedure.”
This holding was affirmed in In Re Grist’s Estate, Fla., 83 So.2d 860, 56 A.L.R. 2d 623, and is in conformity with the majority of the courts of this country.
“Although there is authority to the contrary, it is generally held that the Affidavit or verification is subject to amendment in the manner as the statement of claim.” Am.Juris. Vol. 21 Executors and Administrators, Section 376.
Additional authority is cited in an annotation found in 74 A.L.R. 402.
Amendments to correct defects in the form of claims filed against decedents’ estates have been without exception freely allowed in Florida and is in keeping with the judicial philosophy of the courts of this State which have taken as their touchstone substance and not procedural form.
In summary we conclude that the swearing to and affixing the acknowledgment to a claim filed under F.S. Section 733.16, F.S.A. is a matter of form, and where a claimant has made a bona fide effort to file a claim the County Judge has the jurisdiction and may in his discretion permit the claim to be amended, at any time before payment, to affix an acknowledgment omitted through mistake or inadvertence. We have carefully considered the authorities cited by appellant but having concluded as we have will not unduly lengthen this opinion by discussing them in detail.
*615 Appellant also assigned as error the Order which permitted appellee to amend his claim to claim the total sum of $445.00 on the ground that it is inconsistent with the statement attached to the claim which reflects that the unpaid balance, if any, is only $295.00.
We find this contention to be without merit. If an amended pleading is for the same cause of action stated in the original pleading and merely restates in different form the same cause of action, it relates hack to the original and is permissible. In Re Grist’s Estate, supra. Appellee’s original and amended claim states the same cause of action, that is, for money owing, and the variance in amount does not create any new, different, or inconsistent issues. It is a matter of proof to be tried and decided by proceedings in the court of appropriate jurisdiction.
The Order of the County Judge allowing appellee to amend his claim is hereby affirmed.
PIERCE, Acting C. J., and HOBSON, J., concur.