SHIVERS, Judge.
Appellant seeks review of the Order upholding the sufficiency of a Statement of Claim filed by appellee against the Estate of Ronald B. Garelick, deceased. Appellant contends that this unliquidated claim must state the dollar amount claimed. We disagree and affirm.
This is the second time these parties have appeared before this Court on a matter involving this claim.[1]
Appellee’s Statement of Claim, timely filed, is premised on the wrongful death of appellee’s decedent. The Statement of Claim (to which appellant timely objected) is as follows:
The undersigned hereby presents for filing against the above estate this Statement of Claim and alleges:
1. The basis of this claim is for the wrongful death of FORREST J. HARRIS, JR., deceased.
2. The claimant is ELAINE E. HARRIS, the personal representative of the Estate of Forrest J. Harris, Jr., deceased, and presents this claim pursuant to Section 768.16, Florida Statutes, on behalf of the Estate of Forrest J. Harris, Jr., and as personal representative of said estate, and on behalf of all survivors as defined in Section 768.18, Florida Statutes.
3. ' The amount of the claim is presently unliquidated but is in excess of $2,500.00 and is within the jurisdiction of the Circuit Court in and for Duval County, Florida.
4. The claim is contingent upon the determination by a Court of competent jurisdiction, to-wit: The Circuit Court in and for Duval County, Florida, pursuant to a Civil Action for money damages to be filed for the wrongful death of Forrest J. Harris, Jr., deceased, which said Civil Action shall be filed should this claim be denied.
5. The claim is not secured.
6. The names and addresses of the survivors of Forrest J. Harris, Jr., deceased, are as follows:
(a) Children: Forrest J. Harris, III; Scott Joseph Harris; and Andrew Todd Harris, 3705 Montclair Drive, Jacksonville, Florida.
(b) Widow: Elaine E. Harris, 7901 Baymeadows Circle East, Apartment # 495, Jacksonville, Florida 32216.
7. The names and addresses of the attorneys for survivors are:
(a) Children: Charles W. Arnold, Jr., Esq., 2508 Gulf Life Tower, Jacksonville, Florida 32207.
(b) Widow: Walter L. Robison, Esq., 303 Liberty Street, Jacksonville, Florida 32202.
*1169 Appellant contends that the Statement of Claim is insufficient on the ground it fails to adequately designate the amount claimed. Appellant cites § 733.703, F.S. (1977) and Fla.R.P. & G.P. 5.490 in support of her contention.
We hold that the Statement of Claim is sufficient. The nonclaim statute “. should be interpreted and applied so as to facilitate the settlement of estates in the interest of the public welfare, without unreasonably or unduly restricting the rights of creditors of such estates who in good faith and without laches endeavor to comply with the substantial and essential requirements of the statute . . . .” In Re Jeffries’ Estate, 136 Fla. 410, 181 So. 833, 837 (Fla.1938).
This Statement of Claim adequately puts appellant on notice as to the basis of the claim. Neither § 733.703, F.S. (1977) nor Fla.R.P. & G.P. 5.490 requires appellant to put a dollar figure in an unliquidated claim for wrongful death. Cf. § 768.042, F.S. (1977), which provides that in a wrongful death action the amount of general damages shall not be stated in the complaint.
AFFIRMED.
ERVIN and SHAW, JJ., concur.

. 366 So.2d 765 (Fla. 1st DCA 1979).