438 So.2d 531 (1983)
Agatha E. NOTAR, a/K/a Agatha E. Spinelli, and Thomas M. Woodruff, Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Laszlo Stephen Dombrowsky, Deceased, Appellees.
Nos. 82-2579, 82-2788.
District Court of Appeal of Florida, Second District.
September 30, 1983.
*532 Dominic Amadio, St. Petersburg, for appellants.
David A. Bacon of Bacon & Bacon, P.A., St. Petersburg, for appellee/Estate of Dombrowsky.
H. Shelton Philips of Kaleel & Kaleel, P.A., for appellee/State Farm Mut.
OTT, Chief Judge.
On September 14, 1981, appellant Agatha E. Notar sued Laszlo S. Dombrowsky for damages arising out of an automobile accident occurring on December 17, 1977. Apparently unknown to Notar at the time of bringing suit, Dombrowsky had died on March 1, 1979, and his estate had been distributed without formal administration.[1] On February 8, 1982, Notar filed a motion for substitution of parties and appointment of personal representative of estate, which the trial court denied. Notar appeals the trial court's denial of this motion.
On February 22, 1982, Notar's attorney, Thomas M. Woodruff, filed a petition for administration of Dombrowsky's estate on his own behalf. The probate court denied this petition, and Woodruff appeals the court's denial of his petition.[2]
*533 These cases have been consolidated for purposes of our consideration. We reverse both orders.
Under section 95.11(3)(a), Florida Statutes (1981), a suit founded on negligence must be commenced within four years of the accrual of the cause of action. Notar commenced her negligence action on September 14, 1981, when she filed her complaint against Dombrowsky, even though she was unable to effect service of process upon the decedent. Fla.R.Civ.P. 1.050. Thus, Notar complied with section 95.11(3)(a).
Dombrowsky's death obligated Notar to comply with another statute of limitations, however. Under section 733.702(1)(b), Florida Statutes (1981), any claim against a decedent's estate must be presented within three years after the decedent's death if no notice of administration has been published prior to that time. If Notar's motion for substitution of parties and appointment of personal representative may be considered a presentation of her claim, then she also complied with this three-year nonclaim period.
In order to present a claim against a decedent, a creditor must file a written statement of the claim indicating its basis and the amount claimed. § 733.703, Fla. Stat. (1981). In addition, if the claim is contingent or unliquidated, the creditor must state the nature of the uncertainty. Id. Deviations in form may be corrected. § 733.704, Fla. Stat. (1981).
We believe Notar's motion, filed within three years after Dombrowsky's death, stated the basis of her claim sufficiently to satisfy the foregoing statutory requirements. Thus, we conclude that Notar presented a claim against Dombrowsky's estate within the three-year nonclaim period.
In the same manner, Woodruff's petition for administration, also filed within three years after Dombrowsky's death, sufficiently stated the basis of his claim against Dombrowsky's estate as attorney for Notar in her negligence action. Indeed, because no notice of administration of Dombrowsky's estate had been filed, Woodruff and Notar could have done no more to preserve their rights against the estate.
Dombrowsky's insurer, State Farm Mutual Automobile Insurance Company, contends that Notar should be precluded from bringing an action against its insured's estate because she took no action to substitute the estate as a party in her original suit until after section 95.11's four-year limitations' period had expired. Neither statute nor case law requires such substitution. Having timely commenced her action against Dombrowsky and having timely filed a claim against his estate, Notar was required to do nothing further to preserve her claim.
Accordingly, we REVERSE the lower's court's orders and REMAND both cases for further proceedings consistent with this opinion.
GRIMES and SCHOONOVER, JJ., concur.
NOTES
[1] The probate court entered an order of administration unnecessary on April 11, 1979, upon the petition of Dombrowsky's surviving spouse.
[2] Woodruff apparently filed a petition to reopen Dombrowsky's estate along with his petition for administration. Although the probate court denied this petition to reopen in the order which is the subject of this appeal, the record on appeal does not contain a copy of this petition, and we cannot determine the date on which it was filed.