689 So.2d 1137 (1997)
FIRST UNION NATIONAL BANK OF FLORIDA, Appellant,
v.
Joyce AFTAB and Parry Aftab, as Co-Personal Representatives of the Estate of Mansur Aftab, Deceased, Appellees.
No. 95-1629.
District Court of Appeal of Florida, Fourth District.
February 26, 1997.
Rehearing and Clarification Denied April 10, 1997.
*1138 Wilson Smith and Brian J. Felcoski of Steel Hector & Davis, Miami, for appellant.
David A. Riggs of Hunt, Cook, Riggs, Mehr & Miller, P.A., Boca Raton, for Appellee-Joyce Aftab.
WARNER, Judge.
First Union, a creditor of the estate of Mansur Aftab, appeals an order of the probate court denying its claims for default interest on two promissory notes executed by Aftab. The trial court reasoned that because First Union's statement of claim did not refer to the possibility of default interest being due should the loans go into default, First Union did not properly preserve its ability to collect default interest. We hold that the claim adequately put the estate on notice of the promissory note and section 733.705(8), Florida Statutes (1991), requires the personal representative to pay interest in accordance with the terms of the written obligation on which a claim is based. We therefore reverse.
Mansur Aftab had executed two promissory notes to First Union and two guarantees of notes of two corporations. At the time of his death, none of these notes were in default. After the filing of the Notice of Administration of the estate, First Union filed its statement of claim, describing each claim. Each transaction was described by loan number and the parties to the notes or guarantees. The amount of each claim set forth was the principal due on each loan, "plus interest accrued after [the date of last payment]." The due date of each note was given, as well as the security for each transaction. No objection was made to the claims.
The personal representative made periodic payments on the various notes. Two of the notes were paid in full. On a note executed by the deceased and his wife (who is one of the personal representatives), the estate made payments on the loan until it matured, at which time the entire principal balance came due, and the note went into default. Similarly, one of the notes guaranteed by Aftab came due and went into default.
First Union filed its petition for payment of the two unpaid notes, requesting payment for principal and accrued interest, including interest at the default rate after the failure to pay the notes on their due dates. The personal representatives responded, claiming, among other defenses, that they should not be liable for default interest. The probate court denied the personal representatives' defenses to the claim, except to the extent that the court would determine the amount and timing of payment of the claim.
First Union then filed a supplement to its claim noting the status of the two outstanding loans, including the accrual of default interest and late charges. It then moved again for payment of the claim.
In its order on payment, the probate court determined that the original statement of claim did not properly request default interest and that the supplemental claim for default interest was not properly filed because it was not a correction of a prior claim. It therefore disallowed the default interest sought by First Union.
Although it may be a better practice to attach the note, there is no requirement in section 733.703, Florida Statutes (1991), nor in Florida Probate Rule 5.490(a) that a copy of a written document upon which a claim is based must be attached to the statement of claim. The statement of claim must be sufficient to put the estate on notice of the basis of the claim. Bell v. Harris, 381 So.2d 1167 (Fla. 1st DCA 1980); § 733.703. As the supreme court said:
[The nonclaim statute] should be interpreted and applied so as to facilitate the settlement of estates in the interest of the public welfare, without unreasonably or unduly restricting the rights of creditors of such estates who in good faith and without laches endeavor to comply with the substantial and essential requirements of the statute....
In re Jeffries' Estate, 136 Fla. 410, 181 So. 833, 837 (1938). The statement of claim filed by First Union alerted the personal representatives of the loan numbers, so that the *1139 personal representatives could have obtained the loan documents. Moreover, the claim put them on notice of the principal amounts due at the time of the making of the claim, "plus accrued interest." At the time the statement was filed, the loans were not in default. Therefore, no default interest was due. But the loan documents clearly required the imposition of interest at the default rate if the notes were not paid on time. First Union put the personal representatives on notice that the basis of their claim was the promissory note listed in the statement of claim. Thus, the reference to that agreement was sufficient to put the estate on notice of its terms. See, e.g., Lord & Son Constr., Inc. v. Roberts Elec. Contractors, Inc., 624 So.2d 376, 377 n. 2 (Fla. 1st DCA 1993) ("where a writing expressly refers to and sufficiently describes another document, the other document is to be interpreted as part of the writing").
Moreover, section 733.705(8) provides for the payment of interest by a personal representative on a claim that is "founded on a written obligation of the decedent providing for the payment of interest." Thus, the statute requires that the personal representative pay interest in accordance with the written instrument.
Finally, although the import of our opinion is that the statement of claim was sufficient to place the estate on notice of its claim, including the application of default interest should the personal representatives default on the obligation, we also hold that the supplement to the claim should not have been denied. Had First Union merely requested to amend to attach the original loan document to the claim, this could hardly be deemed a new claim. Instead, the supplement merely figured the default interest then due and owing under the terms of the original notes. This was not a new claim but a correction of a possible defect in an old claim. Appellees concede that had the note been attached to the claim, the estate would have no good faith argument against the collection of the default interest. The trial court erred in disallowing it.
For the foregoing reasons, we reverse and remand for the entry of an order requiring the payment of the default interest to First Union.
PARIENTE and STEVENSON, JJ., concur.