[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**MAR 28, 2001**
**THOMAS K. KAHN**
**CLERK**

_____

No. 98-2580

_____

D.C. Docket No. 97-00110-3-CV-RV

DAVID R. MAY,
as Administrator Ad Litem of the Estate of
OSCAR T. BRADLEY, deceased,

Plaintiff-Appellant,

versus

ILLINOIS NATIONAL INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(March 28, 2001)**

Before ANDERSON, Chief Judge, RONEY, Circuit Judge, and COOK[*], District
Judge.

PER CURIAM:

_____
[*]    Honorable Julian Abele Cook, Jr., U.S. District Judge for the Eastern District of Michigan,
sitting by designation.

On September 29, 1999, we issued an opinion in this case in which we asked the Florida Supreme Court to answer certified questions regarding the interpretation of Florida law concerning the requirements for filing a written statement of a claim in a state probate proceeding within statutorily prescribed time periods. *See May v. Illinois Nat'l Ins. Co.*,190 F.3d 1200(11th Cir. 1999). The questions were as follows:

> WHETHER SECTION 733.702 AND SECTION 733.710 OF THE FLORIDA STATUTES CONSIDERED SEPARATELY AND/OR TOGETHER OPERATE AS STATUTES OF NONCLAIM SO THAT IF NO STATUTORY EXCEPTION EXISTS, CLAIMS NOT PRESENTED WITHIN THE DESIGNATED TIME PERIOD ARE NOT BINDING ON THE ESTATE, OR DO THEY ACT AS STATUTES OF LIMITATIONS WHICH MUST BE PLEADED AND PROVED AS AFFIRMATIVE DEFENSES IN ORDER TO AVOID WAIVER.

In its response, the Florida Supreme Court held that: (1) section 733.702(3), Florida Statutes (1991) is a statute of limitations that bars untimely claims even if the issue of timeliness is not asserted in an objection in the probate proceedings, but that such limitation may be extended by the probate court based on fraud, estoppel, or insufficient notice; (2) section 733.710 Florida Statutes (1991), is a jurisdictional statute of nonclaim that is not subject to waiver or extension in the probate proceedings; and (3) that a petition for the appointment of an administrator ad litem and a counter-petition for administration constitute a statement of claim in compliance

_____
* Honorable Julian Abele Cook, Jr., U.S. District Judge for the Eastern District of Michigan, sitting by designation.                    2

with the essential requirements of section 733.703 and Fla. Prob. R. 5.490(e). *See May v. Illinois Nat'l Ins. Co.*, 771 So.2d 1143, (2000). In light of these conclusions, the Court held that the filing of the petition and counter-petition "satisfied the nonclaim period set forth in section 733.710," but "did not satisfy the limitation period set forth in section 733.702(1), and we are not aware of any extension or pending request for extension in any probate court." Thus the Supreme Court's decision effectively bars the claim made against the estate.

The motion of appellant David R. May, as Administrator Ad Litem of the Estate of Oscar T. Bradley, Deceased, for leave to file a supplemental brief is DENIED. It alleges the Florida Supreme Court's opinion "raises the possibility that Prockup can demonstrate compliance with section 733.702 if the probate court extends the time for filing claims." Under the Florida Supreme Court's opinion, however, an extension could be granted only on facts showing "fraud, estoppel or insufficient notice." Not only has no such extension request been made to the district court, but nothing in the papers filed in this Court or the district court asserts any facts that would support such an extension.

Accordingly, the summary judgment for Illinois National Insurance Company, based on the Florida Supreme Court's analysis, is AFFIRMED.