[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
09/29/99
THOMAS K. KAHN
CLERK

_____

No. 98-2580

_____

D. C. Docket No. 3:97-CV-110-RV

DAVID R. MAY,
as Administrator Ad Litem of the Estate of
OSCAR T. BRADLEY, Deceased,

                                        Plaintiff-Appellant,

        versus

ILLINOIS NATIONAL INSURANCE COMPANY,

                                        Defendant-Appellee,

ATLANTA CASUALTY COMPANY,

                                        Third-Party Defendant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(September 29, 1999)**

Before ANDERSON, Chief Judge, RONEY, Senior Circuit Judge, and COOK[*],
    Senior District Judge.

_____
[*]    Honorable Julian Abele Cook, Jr., Senior U.S. District Judge for the Eastern District
    of Michigan, sitting by designation.

RONEY, Senior Circuit Judge:

The plaintiff administrator ad litem of a probate estate brought this suit to recover against the automobile liability insurer of the decedent for bad faith refusal to settle a damage claim for death and injuries resulting from an automobile accident in which the decedent was at fault. A judgment was obtained by a third party against the estate for personal injury/wrongful death damages in excess of the insurance coverage. Recovery of damages by an estate administrator on a bad faith claim against an insurance company, however, is barred unless the estate itself is liable in the probate proceeding to the third-party claimant for the excess damages. Florida law recognizes a cause of action by an insured against his liability insurer based on the insurer's bad faith failure to settle a claim resulting in a judgment against the insured that exceeds policy limits. *See Boston Old Colony Ins. Co. v. Gutierrez*, 386 So.2d 783 (Fla. 1980), *cert. denied,* 450 U.S. 922 (1981). The amount the insured is obligated to pay constitutes the extent of damages. *See Swamy v. Caduceus Self Ins. Fund*, 648 So.2d 758, 759 (Fla. 1st DCA 1994). If a deceased insured's estate is not obligated to pay the excess judgment, then no cause of action for bad faith exists. *See Fidelity & Cas. Co. v. Cope*, 462 So.2d 459, 461 (Fla.1985).

The issue in this case does not involve the merits of the bad faith refusal to settle the third-party claim, but turns on a point of Florida probate law as to whether

2

the estate itself is obligated to pay the judgment in excess of $1 million. That liability turns on an interpretation of the statutory law of Florida concerning the requirement for filing a claim in the state probate proceeding.

The district court held on a motion for summary judgment filed by the insurance company that liability on the judgment was barred because the judgment creditor failed to file a statement of claim in the probate proceeding within the time required by Florida law.

The plaintiff administrator ad litem, David R. May, raises essentially three issues on appeal, two of which we decide contrary to his argument, and one which we certify to the Florida Supreme Court. *First,* he argues that the judgment creditor, Donald Prockup, did in fact comply with the notice of claim requirements: (1) by filing a petition and obtaining an order for appointment of May, as administrator ad litem of the decedent Oscar T. Bradley's estate for the purpose of defending against Prockup's personal injury/wrongful death suit; and (2) by filing an answer and counter-petition for administration in which he informed the Bradley estate of the existence and basis of his claims. We hold that under settled Florida law, neither of these actions was sufficient to satisfy the claim requirements of the Florida statute, so that a claim was not in fact filed with the estate.

*Second,* May contends that the personal representatives of the Bradley estate

3

waived the requirement for filing a claim in the probate proceedings by failing to affirmatively assert a  sufficiency or timeliness defense to the claim in either the probate proceedings or in the personal injury/wrongful death action. We  conclude that this issue involves an unanswered question of state law that is determinative of this appeal and  certify the question to the Supreme Court of Florida.

*Third*, as an alternative argument, May contends that assuming the estate was not liable for the excess judgment because of Prockup's failure to file a proper claim and assuming there was no waiver, the excess judgment action can still be maintained under *Camp v. St. Paul Fire & Marine Ins. Co.*, 616 So.2d 12 (Fla. 1993), and *Venn v. St. Paul Fire & Marine Ins. Co.,* 99 F.3d 1058 (11th Cir. 1996).

<u>Underlying Basis for Claim</u>

The underlying basis for the claim arises out of an automobile accident between Oscar T. Bradley, the plaintiff's decedent, and Inez and Donald Prockup on or about September 21, 1991.  Bradley and Inez Prockup were killed.  Donald Prockup brought a personal injury/wrongful death action in Florida circuit court against Bradley's estate and the estate of Velma Murphy, the owner of the car driven by Bradley.  David R. May was appointed administrator ad litem of the Bradley estate to defend that suit. Murphy had a $10,000/$20,000 liability policy with Atlanta Insurance Company, which defended the action on behalf of both Murphy and Bradley.  Bradley had a

4

$10,000/$20,000 liability policy with Illinois National Insurance Company, the defendant in this case. After a trial before a Special Master, Prockup received a $1.1 million judgment against the Bradley estate and Murphy. Subsequent to the entry of the final judgment, Prockup executed a release as to Murphy and her insurer, in exchange for payment of her $20,000 policy limit. This case does not involve the policy limits insurance coverage provided by Atlanta Insurance Company, only a claim in excess of that coverage.

May, as administrator ad litem of the Bradley estate, then instituted this action in state court against Illinois National, for bad faith refusal to settle, alleging that "the estate of Oscar T. Bradley is now obligated to pay the full amount of said judgment, with interest." Illinois National removed the action to the Northern District of Florida where the court granted summary judgment on the ground that the estate was not liable for the amount of the judgment in excess of the insurance coverage because Prockup failed to preserve such a claim by failing to file a legally sufficient statement of claim against the Bradley estate.

To preserve a claim against a decedent's estate in Florida, a claimant must file a written statement of the claim within statutorily prescribed time periods. *See* §§ 733.702, 733.703, 733.710, Fla. Stat. (1991). These time prescriptions do not apply to claims brought against an estate for bodily injury to recover only from decedent's

5

liability insurance coverage. *See* § 733.702(4) (b), Fla Stat. (1991); *Pezzi v. Brown*, 697 So.2d 883 (Fla. 4th DCA), *review denied*, 705 So.2d 7 (1977). This means, of course, that untimely claims against an estate for bodily injury are generally barred only to the extent they exceed the limits of defendant's liability coverage.

May concedes that the formal statement of claim filed by Prockup was untimely because it was filed more than three months after first publication, as required by section 733.702 and more than two years after Oscar Bradley's death, as required by section 733.710. Oscar Bradley died on September 21, 1991. Two years thereafter would be September 21, 1993. Notice of administration of his estate was first published on September 2, 1993. Three months thereafter would be December 2, 1993. Prockup filed a statement of claim on December 27, 1993.

## Alternative Argument

We address first May's alternative argument, that even assuming the estate is not liable for the excess judgment because of Prockup's failure to file a timely, proper claim against the estate and even assuming no waiver, the excess judgment action can still be maintained. We find it without merit. In *Camp v. St. Paul Fire & Marine Ins. Co.*, 616 So.2d 12 (Fla. 1993), the case upon which May relies, Anna Rue Camp sued her physician, Fariss Kimbell, for medical malpractice. Kimbell was insured by St. Paul. During the proceedings, Camp made several attempts to settle, all of which

were rejected by the insurance company. While the case was pending, Kimbell filed for bankruptcy and was discharged of all personal liability for Camp's claim. At trial, the jury returned a verdict for Camp of more than $3 million. The judgment was entered and canceled of record by virtue of Kimball's bankruptcy.

After the excess judgment in the medical malpractice action was affirmed, Camp and the trustee in bankruptcy filed a bad faith action against St. Paul to recover the excess judgment. St. Paul moved for summary judgment contending that the insured's discharge in bankruptcy prior to the Camp medical malpractice judgment and the subsequent cancellation of the judgment relieved the insured of personal liability for the excess judgment, thereby extinguishing the insurer's potential bad faith liability. The district court granted summary judgment in favor of St. Paul. On appeal, this Court certified questions to the Florida Supreme Court regarding whether a named insured's bankruptcy and discharge from liability precludes an injured party or bankruptcy trustee's subsequent bad faith action against the insurance company. In response, the Florida Supreme Court held that a named insured's bankruptcy does not bar a bad faith action by the bankruptcy trustee.

Camp is distinguishable on its facts. In that case, although the debtor was relieved of liability, the estate "stood in the shoes of the debtor and in effect the estate became the insured." *Camp*, 616 So.2d at 15. In *Venn v. St. Paul Fire & Marine Ins.*

7

*Co.,* 99 F.3d 1058 (11th Cir. 1996), a related case, we rejected St. Paul's challenge on this point. In the instant case, the estate is insulated from liability by operation of law, if the failure to file a claim in the probate estate bars the claim.

Sufficiency of Claim

May argues that although no formal claim was filed in the probate proceedings, Prockup nonetheless complied with the notice of claim requirements (1) by filing a petition and obtaining an order for appointment of May, as administrator ad litem of the Bradley estate for the purpose of defending against Prockup's personal injury/wrongful death suit; and (2) by filing an answer and counter-petition for administration in which he informed the Bradley estate of the existence and basis of his claims. These arguments fail under the statute, under the case law, and because they fail to distinguish claims brought to recover the amount of decedent's liability insurance coverage from claims such as this one for amounts in excess of the limits of defendant's liability coverage.

A claimant must file a written statement of claim to preserve that claim against the decedent's estate. *See* § 733.703, Fla. Stat. (1991). Florida Probate Rule 5.490 sets out the requirement for the form and content of such a statement of claim:

(a) **Form**. A creditor's statement of claim shall be verified and filed with the clerk and shall state:

8

(1) the basis for the claim;
(2) the amount claimed;
(3) the name and address of the creditor;
(4) the security for the claim, if any; and
(5) whether the claim is due or involves an uncertainty and, if not due, then the due date and, if contingent or unliquidated, the nature of the uncertainty.

Florida Probate Rule 5.490(a).

Nowhere in the statute or the rule is there any indication that anything other than what is expressly set out would constitute a statement of claim. The cases cited by May in which some of the elements of a statement of claim were omitted are inapposite. In each of those cases, unlike in the present case, a "statement of claim" was filed and the question was whether omission of an element listed in Rule 5.490 rendered the claim defective. *See, e.g., Bell v. Harris*, 381 So. 2d 1167, *review denied*, 392 So.2d 1371 (Fla. 1980) (failure to designate amount of claim); *Farr v. Clement*, 202 So.2d 613 (Fla 2d DCA 1967) (verifying an unverified claim and increasing the amount of the claim); *In re Jeffries' Estate*, 181 So. 833 (1938) (correcting the creditor's address).

May argues that Prockup, by filing a petition and obtaining an order for appointment of May as administrator ad litem of the Bradley estate for the purpose of defending against Prockup's personal injury/wrongful death suit, gave adequate notice to the personal representative. Notice to the personal representative is not the

key to the filing requirement, however. Florida courts have consistently held that the filing of a civil action against an estate does not satisfy the requirement that claims be filed with the probate court, based on the rationale that the purpose of requiring a formal statement of claim is to allow parties interested in the status of the estate to easily ascertain any claims against it by looking for a particular type of document, so that they may govern their course of action accordingly. *See Spohr v. Berryman*, 589 So.2d 225, 229 (Fla. 1991) ("When served with a complaint, a personal representative would know that a claim was being asserted, but other interested parties might not have such knowledge so as to be able to take the necessary steps to protect their interests.").

In any event, the statement of the claim in the petition would have been inadequate to state a claim for damages in *excess* of the liability insurance coverage, even if made as a claim rather than a petition. The filing of the petition and the appointment would be just as appropriate if the suit was to recover only from decedent's liability insurance coverage. Nothing in the petition indicates that Prockup had a claim in excess of the policy limits.

The filing of an answer and counter-petition for administration serves Prockup no better. The language in that document states nothing about a claim in excess of insurance policy limits, and does not come close to satisfying the requirement of

10

Probate Rule 5.490:

> Respondent is a creditor of the Estate of OSCAR THOMAS BRADLEY, by virtue of wrongful death claim against the Estate of OSCAR THOMAS BRADLEY which arose out of an automobile accident in Holmes County, Florida, on September 21, 1991, in which INEZ PROCKUP sustained fatal injuries.

The district court correctly discerned that the above language "is not set out as a statement of claim, but rather as a reason favoring his counter petition for administration."

In *Notar v. State Farm Mut. Auto Ins. Co.*, 438 So.2d 531 (Fla. 2d DCA 1983), upon which Mays seems to rely, the claimant was unaware at the time of bringing a personal injury action that the party he sought to sue had died and his estate had been distributed without formal administration. "Indeed because no notice of administration of Dombrowsky's estate had been filed, Woodruff and Notar could have done no more to preserve their rights against the estate." *Notar*, 438 So.2d at 532. No such extenuating circumstances are present in this case.

### Waiver of Defense by Estate

May contends the personal representatives of the estate waived any objections to the sufficiency or timeliness requirements specified in sections 733.702 and 733.710, Florida Statutes, (1) by failing to object to Prockup's claims in either the probate proceeding or the wrongful death/personal injury action; (2) by

11

acknowledging the validity of the claims by filing a proof of claim and making partial payment of he claims, and (3) by failing to assert any affirmative defenses to Prockup's wrongful death/personal injury action based on Prockup's alleged failure to timely file claims against the estate.

In light of our holding that the pleadings filed within the statutory time period do not constitute a legally sufficient claim, there is no question but that Prockup's notice of claim was filed outside the statutory time period prescribed by these two statutes. May's first two arguments are foreclosed, at least as to section 733.702. Regarding the failure to object, the plain language of section 733.702 indicates that failure to object does not waive the timeliness requirements. "Any claim not timely filed as provided in this section is barred even though no objection to the claim is filed on the grounds of timeliness or otherwise unless the court extends the time in which the claim may be filed." § 733.702(3), Fla. Stat. (1991). The only grounds upon which the court may grant such an extension are fraud, estoppel, or insufficient notice of the claims period, none of which is at issue in this case. *See* § 733.702(3), Fla. Stat.(1991). The failure to object in the probate proceedings, therefore, does not constitute a waiver.

Nor does partial payment of a claim operate to bar the timeliness requirements of section 733.702, again according to the plain language of the statute:

12

> No claim . . . is binding on the estate . . . unless filed within the later of 3 months after the time of the first publication of the notice of administration or, as to any creditor required to be served with a copy of the notice of administration, 30 days after the date of service of such copy of the notice on the creditor, *even though the personal representative has recognized the claim or demand by paying a part of it or interest on it or otherwise.*"

§ 733.702(1), Fla. Stat. (1991) (emphasis added).

The question we are left with then is whether the failure to assert an affirmative defense is a viable argument under either or both of these sections. To answer that question, we must determine whether the statutes operate as statutes of limitations or statutes of repose or nonclaim. The distinction is significant. If they act as jurisdictional statutes of nonclaim or statutes of repose, untimely claims are automatically barred. Prockup would then have had no claim against the estate, and May would have no basis for its bad faith failure to settle suit. If, as May contends, they operate as statutes of limitations, they must be pleaded and proved by the estate as an affirmative defense or on a motion to dismiss. Under this characterization, May would be correct in his assertion that the estate's failure to raise the untimeliness issue constitutes waiver.

The only intermediate appellate court to directly rule on this issue held that section 733.702 acts as a "jurisdictional statue of nonclaim that automatically bars untimely claims." *See In re Estate of Parson,* 570 So.2d 1125 (Fla. 1st DCA 1990).

In *Parson,* a funeral home appealed a probate court order denying its objection to the personal representative's petition for discharge, thereby denying as well the home's untimely claim for funeral expenses incurred on behalf of the deceased. The home argued that although it failed to filed its claims within the section 733.702 time period, the personal representative's failure to object until 15 months after the claim was filed required that the objection be disallowed. The home argued that section 733.702 was a statute of limitations, so that any claim filed beyond the statutory time period was barred only if the timeliness issue was raised as an affirmative defense or motion to dismiss, citing *Barnett Bank of Palm Beach County v. Estate of Read*, 493 So.2d 447 (Fla. 1986). The court rejected the funeral home's claim, holding that recent changes in the Florida Probate Code after *Read* was decided "indicate the legislature's intent to create a jurisdictional statute of nonclaim, which, under the circumstances specified in the statutes, automatically bars untimely claims." 570 So.2d at 1126.

In dicta, the Third District Court of Appeal stated that section 733.702 is now properly regarded as a statute of nonclaim rather than a statute of limitations, citing *Parson. See Baptist Hospital of Miami v. Carter*, 658 So.2d 560, 563-64 (1995). These pronouncements are contrary, however, to the Supreme Court's statement, albeit in dicta also, that section 733.702 is a statute of limitations. *See Spohr v. Berryman*, 589 So.2d 225 (Fla 1991). In *Spohr*, the ex-wife of the deceased had failed

14

to file a written statement of claim within the statutory period, but filed a complaint asserting a cause of action based upon the marital settlement within the prescribed time. The Florida Supreme Court held that the filing of a complaint did not satisfy the statute. Although no question of waiver was at issue, the court after quoting the statute, stated that '[w]hile known as a statute of nonclaim, [section 733.702] is nevertheless a statute of limitations," citing *Barnett Bank of Palm Beach County v. Estate of Read,* 493 So.2d 447 (Fla. 1986). *Read* was decided in 1986, prior to the most recent changes in the Florida Probate Code, including the addition of section 733.710.

The characterization of section 733.710 is no more settled. [1] The two state appellate courts that have looked at the statute have come out differently on the matter. *Compare Baptist Hosp. of Miami, Inc. v. Carter*, 658 So.2d 560 (Fla. 3d DCA 1995) (statute of limitations) with *Comerica Bank & Trust, F.S.B. v. SDI Operating*

[1]Section 733.710 provides in pertinent part:

(1)Notwithstanding any other provision of the code, 2 years after the death of a person, neither the decedent's estate, the personal representative (if any), nor the beneficiaries shall be liable for any claim or cause of action against the decedent, whether or not letters of administration have been issued, except, as proved in this section.
(2) This section shall not apply to a creditor who has filed a claim pursuant to s.733.702 within 2 years after the person's death, and whose claim has not been paid or otherwise disposed of pursuant to s.733.705.
(3) This section shall not affect the lien of any duly recorded mortgage or security interest or the lien of any person in possession of personal property or the right to foreclose and enforce the mortgage or lien.

§ 733.710, Fla. Stat. (1995).

*Partners, L.P.,* 673 So.2d 163 (Fla. 4th DCA 1996) (statute of repose).  In *Baptist Hospital,* the hospital, a known creditor of decedent, was advised by the widow that the decedent died without any assets requiring probate administration.  The hospital filed a creditor's caveat anyway.  Very shortly after the expiration of a two-year period following the decedent's death, the widow commenced administration of the estate.  The hospital was notified of the administration by the court because of the caveat, and promptly filed its claim.  The personal representative/widow moved to strike the claim as being barred by section 733.710, and the trial court struck the claim.  The hospital appealed, arguing that "733.710 is a statute of limitations, rather than of repose, [and therefore] fraud or misrepresentation of the type alleged here may serve to estop the estate from raising the limitations defense." *Baptist Hospital,* 658 So.2d at 561.  The Third District Court of Appeal agreed and reversed and remanded for a factual determination of the misrepresentation estoppel issue.

In direct conflict is the holding of *Comerica Bank.*  In that case, the probate court granted upon motion an extension of time, beyond two years following decedent's death for the bank to file its claim.  The personal representative appealed, arguing that section 733.710 was a statute of repose that erased any liability on claims filed after the repose period.   The Fourth District Court of Appeal agreed and reversed.  The court reasoned in part that section 733.702 by its terms is subordinate

16

to secti9on 733.710, and that if section 733.702 was a statute of repose, section 733.710, which was "paramount," must also be a statute of repose rather than a statute of limitations. *Comerica*, 673 So.2d at 165. The court noted the conflict with *Baptist Hospital* and certified the question to the Supreme Court, but it was never ruled on.

Thus, the question of the nature of these two statutory provisions appears to be an unsettled question of Florida law.

Accordingly we certify the following question to the Supreme Court of Florida:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF FLORIDA, PURSUANT TO SECTION 25.031, FLORIDA STATUTES, AND RULE 9.150, FLORIDA RULES OF APPELLATE PROCEDURE.

TO THE SUPREME COURT OF FLORIDA AND ITS HONORABLE JUSTICES:

The United States Court of Appeals for the Eleventh Circuit concludes that this case involves an unanswered question of state law that is determinative of this appeal, and we can find no clear, controlling precedent in the decisions of the Supreme Court of Florida. Therefore, we certify the following question of law, based on the facts and procedural history recited above, to the Supreme Court of Florida for instructions:

WHEREAS SECTION 733.702 AND SECTION 733.710 OF THE FLORIDA STATUTES CONSIDERED SEPARATELY AND/OR TOGETHER OPERATE AS STATUTES OF NONCLAIM SO THAT IF NO STATUTORY EXCEPTION EXISTS, CLAIMS NOT

17

FORMALLY PRESENTED WITHIN THE DESIGNATED TIME PERIOD ARE NOT BINDING ON THE ESTATE, OR DO THEY ACT AS STATUTES OF LIMITATIONS WHICH MUST BE PLEADED AND PROVED AS AFFIRMATIVE DEFENSES IN ORDER TO AVOID WAIVER.

The phrasing of this question is not intended to limit the Supreme Court in considering the issue presented or the manner in which it gives its answer. The entire record in this case and the briefs of the parties will be transmitted to the Supreme Court of Florida for assistance in answering this question.

QUESTION CERTIFIED.


**AFFIRMED IN PART, AND QUESTION CERTIFIED.**