DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HENRY OREAL**,
as Personal Representative of the
Estate of Wayne Henry Oreal a/k/a Wayne H. Oreal,
Appellant,

v.

**STEVEN KWARTIN, P.A.**,
Appellee.

No. 4D13-3617

_____

**STEVEN KWARTIN, P.A.**,
Appellant,

v.

**HENRY OREAL**,
as Personal Representative of the
Estate of Wayne Henry Oreal a/k/a Wayne H. Oreal,
Appellee.

No. 4D14-2688

[March 30, 2016]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mark A. Speiser, Judge; L.T. Case No. PR-C-09-0004069.

Randall Burks and Robin I. Bresky of the Law Offices of Robin Bresky, Boca Raton, for Henry Oreal.

Steven Kwartin of Steven Kwartin, P.A., Hollywood, for Steven Kwartin, P.A.

LEVINE, J.

Among several issues raised in this consolidated appeal, we find

meritorious only the claimant's argument that the probate court erred in failing to award all of the interest due to the claimant under the promissory note. Because the estate did not file a timely objection to the claim, the estate could not contest the award of interest. We find the plain language of section 733.705(9) and the promissory note did not allow the probate court to relieve the estate of the interest as previously agreed to by the parties. Thus, we reverse the probate court's "equitable set-off" since it effectively rewrote the written obligations agreed to by the parties.

The claimant also appeals an order striking the decedent's deposition. Additionally, the estate appeals an order finding that the claimant was entitled to accrue default interest. We find all other issues in these consolidated appeals to be without merit, and affirm without comment.

The decedent, Wayne Oreal, died in 2009, and his will was submitted to probate. Later that year, Steven Kwartin, P.A. ("the firm"), and its principal, Steven Kwartin, each filed a statement of claim against the estate. Kwartin's individual claim was based on a $125,000 promissory note. The firm's claim was based on a promissory note in the amount of $500,000. At the time, the remaining principal on the firm's note was $375,000 with an accrued interest of $397,000, for a total of $772,500. The estate objected to Kwartin's individual claim, but not to the firm's claim.

The estate later moved for an extension of time to object to the firm's claim. Several months later, the firm moved to compel payment of the claim based on the promissory note. The probate court denied the estate's motion for an extension of time, and granted the firm's motion to compel payment. The court directed the estate to pay the note's principal, but reserved jurisdiction to determine the amount of interest due on the note. The estate appealed both orders, and this court affirmed without opinion. *See Oreal v. Kwartin*, 145 So. 3d 856 (Fla. 4th DCA 2014).

Meanwhile, to determine the amount of default interest, the probate court considered the promissory note's terms. The promissory note had an interest rate of 8% per annum and a default interest rate of 12% per annum. The note further provided:

> All of the then outstanding principal due on this Note shall be immediately due and payable if the Event of Default, as defined below, shall occur. In the event of such acceleration of maturity, interest shall accrue from the date of default until the date of payment at 12% per annum.

2

The note listed several occurrences which would constitute an Event of Default, including "(I) If the Makers shall fail to make any payment of principal or interest when due and such failure shall be continuing for five days . . . ."

The probate court entered an order on the firm's motion to compel payment of claim. The probate court found that since the estate failed to file a timely objection to the claim, the probate court had no authority to conduct an evidentiary hearing on the issue of how much interest was due under the promissory note. However, the court also exercised its "equitable powers" and reserved the right to determine whether a setoff against the firm's "interest component [was] appropriate due to any unexcused and excessive delay exercised by [the firm] in attempting to perfect and collect on [its] valid unpaid claim."

The estate filed a motion for equitable setoff. After a hearing, the probate court granted the estate's motion, finding that the firm had an equitable duty to prevent the accumulation of interest. The court ruled that interest shall accrue only until December 28, 2011—the date the estate moved for an extension of time to object to the firm's claim.

The firm appeals the probate court's ruling, which limited the amount of interest due as a result of the firm's alleged delay in pursuing payment of its claim.

Section 733.705(9), Florida Statutes, provides that "[i]nterest shall be paid by the personal representative on written obligations of the decedent providing for the payment of interest." In *First Union National Bank of Florida v. Aftab*, 689 So. 2d 1137 (Fla. 4th DCA 1997), the claimant filed a statement of claim, seeking principal and interest due under two promissory notes executed by the decedent. The estate did not object to the claims. The probate court disallowed default interest. This court reversed, reasoning that "section 733.705(8) [now section 733.705(9)] provides for the payment of interest by a personal representative on a claim that is 'founded on a written obligation of the decedent providing for the payment of interest.' Thus, the statute requires that the personal representative pay interest in accordance with the written instrument." *Id.* at 1139.

Based on the plain language of section 733.705(9) and *Aftab*, the firm was entitled to the entire amount of interest as outlined in the promissory note, and specifically the default interest. However, the probate court imposed the setoff to lower the amount of default interest owed by the estate because the court believed the firm should have filed its motion to

compel payment sooner.

The probate court erred when it imposed an "equitable setoff" and decreased the amount of the interest due to the firm. Just as a court cannot rewrite a contract to relieve a party from an "apparent hardship of an improvident bargain," *see Dickerson Fla., Inc. v. McPeek*, 651 So. 2d 186, 187 (Fla. 4th DCA 1995), a court cannot use equity to remedy a situation the court perceives to be unfair.

As the Florida Supreme Court has explained:

> [W]e cannot agree that courts of equity have any right or power under the law of Florida to issue such order it considers to be in the best interest of 'social justice' at the particular moment without regard to established law. This court has no authority to change the law simply because the law seems to us to be inadequate in some particular case.

*Flagler v. Flagler*, 94 So. 2d 592, 594 (Fla. 1957) (en banc). "Where the legislature has provided" "a plain and unambiguous statutory procedure . . . courts are not free to deviate from that process absent express authority." *Pineda v. Wells Fargo Bank, N.A.*, 143 So. 3d 1008, 1011 (Fla. 3d DCA 2014).

In the instant case, section 733.705(9) plainly and unambiguously provides for the payment of interest and does not provide any judicial discretion. Because "there is a full, adequate, and complete remedy at law," equity has no role. *U.S. Bank Nat'l Ass'n v. Farhood*, 153 So. 3d 955, 958 (Fla. 1st DCA 2014) (quoting *Wildwood Crate & Ice Co. v. Citizens Bank of Inverness*, 123 So. 699, 701 (Fla. 1929)). "The imposition of sanctions which contravene . . . statutes . . . exceed a trial court's discretion and require reversal." *Id* at 959.

In sum, we affirm all other aspects of the consolidated appeals, but because the probate court did not have the discretion to impose a setoff, we reverse and remand on that issue and direct the probate court to award the full amount of interest due to the firm.

*Affirmed in part, reversed in part, and remanded with directions.*

GROSS and CONNER, JJ., concur.

\*　　　\*　　　\*

4

*Not final until disposition of timely filed motion for rehearing.*