# Third District Court of Appeal

## State of Florida

Opinion filed April 11, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-669
Lower Tribunal No. 13-2273
_____

## First Equitable Realty III, Ltd.,

Appellant/Cross-Appellee,

vs.

## Grandview Palace Condominium Association, Inc.,

Appellee/Cross-Appellant.

An Appeal from the Circuit Court for Miami-Dade County, Gisela Cardonne Ely, Judge.

Fowler White Burnett, P.A., and Juan C. Zorrilla, for appellant/cross-appellee.

Conde & Cohen, P.L., and Aaron R. Cohen (Fort Lauderdale), for appellee/cross-appellant.

Before ROTHENBERG, C.J., and SALTER and SCALES, JJ.

SCALES, J.

First Equitable Realty III, Ltd. ("Developer"), the defendant/counter-plaintiff below, appeals an Amended Final Judgment in favor of the

plaintiff/counter-defendant below, Grandview Palace Condominium Association, Inc. (the "Association") adjudicating (i) the Association's action to recover from Developer unpaid condominium assessments, and (ii) Developer's counterclaims for unjust enrichment and rescission. Finding no merit to the issues Developer raises on appeal, we affirm, without discussion, both the trial court's entry of final summary judgment in favor of the Association and the trial court's award of attorney's fees to the Association.

In its cross-appeal, the Association challenges the trial court's reduction in interest on the unpaid assessments awarded to the Association. Concluding that the trial court had no discretion to reduce the amount of such interest,[1] we reverse the trial court's interest award and remand for calculation consistent with the requirements of the relevant provisions of chapter 718 of the Florida Statutes.

Section 718.116(1)(a) provides that a condominium unit owner "is liable for all assessments which come due while he or she is the unit owner." § 718.116(1)(a), Fla Stat. (2017). As the owner of three commercial units at the subject condominium development, Developer was obligated to pay monthly assessments on each of its units for the period of time that it owned them, i.e., from

---

[1] Determinations as to the award of prejudgment interest raise pure questions of law; therefore, the standard of review is *de novo*. See Bosem v. Musa Holdings, Inc., 46 So. 3d 42, 44 (Fla. 2010).

July 13, 2003 to February 28, 2008. The Amended Final Judgment awarded the Association $40,420.34 for unpaid assessments, plus interest.

Section 718.116(3)[2] further provides that unpaid assessments shall bear interest from the due date until paid at the interest rate provided by the Declaration of Condominium.[3] Pursuant to section 718.116(3) and the Declaration of Condominium, the Association sought to recover interest on the unpaid assessments at the highest rate allowed by law (eighteen percent).[4]

While apparently acknowledging that the Association had calculated interest correctly at $50,007.64,[5] the trial court nevertheless decreased the amount of

---

[2] The statute provides, in relevant part:

> Assessments . . . which are not paid when due bear interest at the rate provided in the declaration, from the due date until paid. The rate may not exceed the rate allowed by law, and, if no rate is provided in the declaration, interest accrues at the rate of 18 percent per year.

§ 718.116(3), Fla. Stat. (2017).

[3] Section 21.03 of the Declaration of Condominium provides, in relevant part:

> Assessments and installments on them not paid when due bear interest from the date when due until paid at the maximum interest rate permitted by law . . . .

[4] Because, in February 2008, Developer had received an improper reimbursement of all of assessments that it had paid for its three commercial units, the Association used February 2008 as the "due date" for all of Developer's unpaid assessments.

[5] We express no opinion as to whether the Association properly calculated the amount of interest.

interest due to the Association for "equitable considerations." Specifically, upon determining that the Association was responsible for protracted litigation giving rise to the Association's right to pursue the unpaid condominium assessments, and that the Association had somehow failed to mitigate its damages in this case, the trial court awarded the Association just $14,497.32 in interest.[6]

We conclude that the trial court erred when – for "equitable considerations" – it decreased the amount of interest due to the Association in this case. See Oreal v. Steven Kwartin, P.A., 189 So. 3d 964, 966-67 (Fla. 4th DCA 2016) (concluding that, because the Legislature had plainly and unambiguously provided for the recovery in interest for the claimant, the trial court lacked the discretion to reduce an interest award based on equitable considerations, despite the claimant being responsible for an unexcused and excessive delay in attempting to perfect and collect on an unpaid claim). In section 718.116(3), the Legislature has expressly provided for entitlement to interest – for a specified duration and at a specified rate – in claims for unpaid condominium assessments. Where the Legislature has created "a plain and unambiguous statutory procedure . . . courts are not free to deviate from that process absent express authority." Id. at 967 (quoting Pineda v. Wells Fargo Bank, N.A., 143 So. 3d 1008, 1011 (Fla. 3d DCA 2014)). "[E]quity

---

[6] The trial court awarded interest only for the two-year period between the filing of the instant action in January 2013, and the entry of final summary judgment in January 2015.

4

has no role." Id. Under the plain and unambiguous language of section 718.116(3), the Association was entitled to recover interest "at the rate provided in the declaration, from the due date until paid." The trial court had no discretion to award anything less in this case. Id.[7]

We therefore reverse only the interest award, and remand with instructions that the trial court award the Association all interest as provided by section 718.116(3) and the Declaration of Condominium. We affirm all other aspects of the Amended Final Judgment.

Affirmed in part; reversed in part; remanded with instructions.

---

[7] We distinguish this case from those cases relied upon by the court below holding that a trial court may, for equitable reasons, reduce the amount of prejudgment interest to which a party would normally be entitled. See State v. Family Bank of Hallandale, 623 So. 2d 474 (Fla. 1993); Broward Cty. v. Finlayson, 555 So. 2d 1211 (Fla. 1990). In those cases, unlike the instant case, entitlement to and calculation of interest were not prescribed by a specific statute governing the claim.